UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **KATIE BIRON**, a Washington individual,<br><br>Plaintiff,<br><br>v.<br><br>**AMARA**, a Washington nonprofit organization,<br><br>Defendant. | Case No. 2:25-cv-02526<br><br>[King County Superior Court, Case No. 25-2-33619-1 SEA]<br><br>**NOTICE OF REMOVAL FROM STATE COURT BY DEFENDANT AMARA 28 U.S.C. § 1441(a)**<br><br>**JURY TRIAL DEMANDED** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Amara, by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441(a), hereby removes the action entitled *Katie Biron v. Amara*, Case No. 25-2-33619-1 SEA, from the Superior Court of the State of Washington

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 1

in and for the County of King, to the United States District Court for the Western District of Washington.

## NATURE OF ACTION

On November 10, 2025, Plaintiff Katie Biron ("Plaintiff" or "Biron") filed this action as Case No. 25-2-33619-1 SEA in the Superior Court of the State of Washington in and for the County of King (the "State Action"). (*See generally* Exhibit A[1]). The Complaint was served on Defendant Amara on November 15, 2025.[2]

As alleged in the Complaint, at some time in 2020, Defendant Amara agreed to act as a "host organization" to Plaintiff's nonprofit organization, Family Connection Programs ("FCP"), in part to enable FCP to apply for and receive federal funding. (Ex. A at Complaint, ¶¶ 14-15). As part of this alleged partnership arrangement, Amara and FCP entered into a License Agreement, whereby FCP allegedly granted Amara a license to "use FCP's marketing and program materials," such as "program brochures, training manuals, tutorial and training videos, surveys, program video and content, email templates, website program language, and trademarks," what the Complaint defines as the "Intellectual Property." (*Id.* ¶ 3). Plaintiff alleges that "The License Agreement required that at the end of the agreement Amara would return all Family Connection Program materials to FCP and cease all use of those materials." (*Id.*)

Plaintiff alleges that Amara did not renew the License Agreement and that Amara continued to use FCP's materials after the License Agreement was not renewed. (*Id.* ¶¶ 4, 28.) Plaintiff alleges that instead, "Amara is now using FCP's Intellectual Property,

---

[1] A true and correct copy of the Summons and Complaint for the case entitled *Katie Biron v. Amara*, Case No. 25-2-33619-1 SEA is attached hereto as Exhibit A.

[2] A true and accurate copy of the Declaration of Service of Summons; Complaint; Case Information Cover Sheet and Area Designation; Order Setting Civil Case Schedule attached hereto as Exhibit B.

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

including using the same images and trademarks, program and manual materials for its Building Family and Communication Connections program, and directly copying the language phrasing and templates that belong to FCP on their own website and marketing materials." (*Id.* ¶ 31.) The Complaint asserts claims for breach of contract, unjust enrichment, negligent misrepresentation, conversion, trover, and injunctive relief. (*Id.*, ¶¶ 35-62). Each of these claims alleges wrongful retention and/or use of the Intellectual Property.

For example, the Unjust Enrichment claim alleges that "Amara failed to return the Intellectual Property" and "unjustly retained the benefit of FCP's Intellectual Property." (*Id.* ¶¶ 43-44.)

The Negligent Misrepresentation claim alleges that "Amara misrepresented to FCP of its intentions with FCP's Intellectual Property and misrepresented and made material omissions regarding its intentions to use . . . the Intellectual Property." (*Id.* ¶¶ 48.)

The Conversion claim alleges that "Amara has and continues to intentionally retain and use the Intellectual Property that rightfully belongs FCP [sic] as outlined in the License Agreement." (*Id.* ¶ 54.) Pursuant to the Complaint, the License Agreement granted Amara "only . . . the nonexclusive right and license to use . . . the materials developed for the Program [] in connection with the Program." (*Id.* ¶ 21.)

The Trover claim alleges *inter alia* that "Amara has and continues to use the Intellectual Property for its own gain and use." (*Id.* ¶ 55.)

Each of these causes of action further "realleges and incorporates the foregoing paragraphs of this Complaint as fully set forth herein," including the allegations that Amara is allegedly "using" the copyrighted materials by "directly copying the language phrasing and templates" from the materials "on [Amara's] own website and marketing materials." (*Id.* ¶ 40, 47, 52, 57.)

In addition to damages, Plaintiff seeks to enjoin Amara from "using the Intellectual

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Property developed by . . . FCP." (*Id*. ¶ 62 & p. 12). In support, Plaintiff alleges that "Amara . . . continues to use the Intellectual Property developed and paid for by FCP." (*Id*. ¶ 61.)

These state law claims are auxiliary to and serve only to obfuscate the heart of Plaintiff's argument—that Amara is allegedly "copying" Plaintiff's copyrighted marketing materials such as "program and manual materials," "program brochures, training manuals, tutorial and training videos, surveys, program video and content, email templates, website program language" and, specifically, "the language phrasing and templates" in those "website and marketing materials" and thereby infringing Plaintiff's exclusive right to use the materials. This is a copyright infringement case dressed up in common law claims in an attempt to assert it under state law.

## **FEDERAL QUESTION JURISDICTION**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Pursuant to 17 U.S.C. § 301(a), "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title."

The exclusive rights specified in section 106 include the right "to reproduce the copyrighted work," "to prepare derivative works based upon the copyrighted work," "to distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending," and "in the case of literary . . . and pictorial [or] graphic . . . works . . ., to display the copyrighted work publicly."

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Plaintiffs' pleaded causes of action recited above seek legal and equitable rights that are equivalent to the exclusive rights within the general scope of copyright with respect to the works defined as "Intellectual Property." Such works include literary and graphical works, and allegations that Amara has "used" such works, including by "copying the language phrasing and templates" and displaying the copyrighted materials publicly "on their website and marketing materials."

Such allegations are therefore "governed exclusively by" the Copyright Act. Pursuant to 28 U.S.C. § 1338, "[t]he district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights and trademarks." Accordingly, this Court has original subject matter jurisdiction over such claims.

In addition to the claims outlined above, Plaintiff brings a variety of other state law claims regarding Defendant's alleged wrongful acts in relation to the Programs. To the extent that these causes of action do not arise under federal copyright law, this Court has supplemental jurisdiction of these causes of action because they all form part of the same case or controversy as the claim over which this Court has original jurisdiction. 28 U.S.C. § 1367(a); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 167 (1997).

## SATISFACTION OF PROCEDURAL REQUIREMENTS

This Notice of Removal is timely filed. Pursuant to 28 U.S.C. § 1446(b), the "notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." The thirty-day period runs from formal service on Defendants. *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48 (19999) (holding that the 30-day period for removal under 28 U.S.C. § 1446(b) does not begin to run until formal service is effectuated). The earliest date on which any of the Defendants was served with the Summons and Complaint in the State Action was November 13, 2025. (Ex. B). This Notice of Removal is filed within 30 days of November 13, 2025.

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Removal to this Court is proper under 28 U.S.C. § 1441 because this district and division "embrace[e] the place where such action is pending." *Id*. § 1441(a).

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of Washington, County of King, and is being served on all parties.

Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Amara of any fact or the validity or merits of Plaintiff's claims, causes of action or allegations, or ability to maintain such an action in court.

## **CONCLUSION**

Based on the foregoing, Defendant Amara provides notice that it removes this action, now pending in the Superior Court of the State of Washington for the County of King, Case No. 25-2-33619-1 SEA, to the United States District Court for the Western District of Washington, and respectfully requests that this Court assume full jurisdiction over this action as if Plaintiff had originally commenced this action with this Court.

Dated this 10th day of December, 2025.

SCHWABE, WILLIAMSON & WYATT, P.C.

By: *s/ Nika Aldrich*
Nika Aldrich, WSBA #48473
Email: naldrich@schwabe.com

By: *s/ James Vana*
James Vana, WSB #34924
Email: jvana@schwabe.com

By: *s/ Julia Davis*
Julia Davis, WSB #62997
Email: jdavis@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone: 206-622-1711

*Attorneys for Defendant*

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

# CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2025, I caused to be served the foregoing **NOTICE OF REMOVAL FROM STATE COURT BY DEFENDANT AMARA 28 U.S.C. § 1441(a)** on the following party at the following address:

Daniel B. Keum  
Matthew E. Moersfelder  
SEYFARTH SHAW LLP  
999 Third Avenue, Suite 4700  
Seattle, Washington 98104-4041  
E-Mail: dkeum@seyfarth.com  
        mmoersfelder@seyfarth.com

☒ First Class Mail  
☐ Electronic Service  
☐ Email  
☒ Other: Courtesy Email

*Attorneys for Plaintiff*

*s/ Nika Aldrich*  
Nika Aldrich, WSBA #48473

CERTIFICATE OF SERVICE - 1