1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11
12

**KATIE BIRON**, a Washington individual,

13

Plaintiff,

14

v.

15

**AMARA**, a Washington nonprofit
organization,

16
17

Defendant.

Case No. 2:25-cv-02526-GJL

**VERIFICATION OF STATE COURT
RECORDS**

18
19

I, Nika Aldrich, declare as follows:

20

I am one of the attorneys representing Defendant Amara in this case, which was

21

removed to this Court on December 10, 2025.

22

28 U.S.C. § 1446 requires the party removing an action to federal court to file "a

23

copy of all process, pleadings, and orders served upon such defendant or defendants in such

24

action." The case was filed in the Superior Court of and for King County, Washington, on

25

November 10, 2025. Defendant was served in this case on November 15, 2025. Defendant

26

submitted the Summons and Complaint along with the Notice of Removal from State Court

VERIFICATION OF STATE COURT RECORDS: CASE
No. 2:25-cv-02526-GJL - 1

to this Court on December 10, 2025 (ECF 1).

LCR 101 requires the "removing defendant(s) [to], within fourteen days of filing the notice of removal, file with the clerk of this court black-on-white copies of all additional records and proceedings in the state court, together with defendant's or defense counsel's verification that they are true and complete copies of all the records and proceedings in the state court proceeding." The undersigned counsel has obtained what it believes are "all additional records and proceedings in the state court" that are publicly available, and hereby certifies that true and correct copies are attached as Exhibit A and include the Case Information Cover Sheet, Order Setting Civil Case Schedule, Stipulation for Extension of Time to Answer Complaint, Order Granting Extension of Time to Answer Complaint, and the Notice to State Court and Adverse Parties of Removal to Federal Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated this 12th day of December, 2025.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.


By:    *s/ Nika Aldrich*
       Nika Aldrich, WSBA #48473
       Email: naldrich@schwabe.com
       Julia Davis, WSB #62997
       Email: jdavis@schwabe.com
       1420 5th Avenue, Suite 3400
       Seattle, WA 98101
       Telephone: 206-622-1711

       *Attorneys for Defendant*

VERIFICATION OF STATE COURT RECORDS: CASE
No. 2:25-cv-02526-GJL - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EXHIBIT A**

TABLE OF CONTENTS

**Page No.**

1.  Case Information Cover Sheet ........................................................................... 2

2.  Order Setting Civil Case Schedule .................................................................. 3

3.  Stipulation for Extension of Time to Answer Complaint ................................. 6

4.  Order Granting Extension of Time to Answer Complaint ................................ 9

5.  Notice to State Court and Adverse Party of Filing of Removal to Federal Court .......... 13

VERIFICATION OF STATE COURT RECORDS: CASE
No. 2:25-cv-02526-GJL - 1

# Exhibit A

FILED
2025 NO   10 12:52 P
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-33619-1 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**FOR THE COUNTY OF KING**

| | |
|---|---|
| BIRON | No. 25-2-33619-1  SEA |
| VS | **CASE INFORMATION COVER SHEET AND AREA DESIGNATION** |
| AMARA | |
| | (CICS) |

**CAUSE OF ACTION**

COM - Commercial

**AREA OF DESIGNATION**

SEA          Defined as all King County north of Interstate 90 and including all of Interstate 90 right of way, all of the cities of Seattle, Mercer Island, Issaquah, and North Bend, and all of Vashon and Maury Islands.

FILED
2025 NO   10 12:52 P
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-33619-1 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| KATIE BIRON | No. 25-2-33619-1  SEA |
| Plaintiff(s) | **ORDER SETTING CIVIL CASE SCHEDULE** |
| vs | **ASSIGNED JUDGE: Michael K Ryan, Dept. 37** |
| AMARA | FILED DATE: 11/10/2025 |
| Defendant(s) | TRIAL DATE:11/16/2026 |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I.  NOTICES

**NOTICE TO PLAINTIFF:**
The Plaintiff may serve a copy of this **Order Setting Case Schedule (*Schedule*)** on the Defendant(s) along with the ***Summons and Complaint/Petition.***  Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the ***Summons and Complaint/Petition*** or (2) service of the Defendant's first response to the ***Complaint/Petition***, whether that response is a ***Notice of Appearance***, a response, or a Civil Rule 12 (CR 12) motion.  The ***Schedule*** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLCR*] -- especially those referred to in this ***Schedule***. In order to comply with the ***Schedule***, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLCR 26*], and for meeting the discovery cutoff date [*See KCLCR 37(g)*].

**You are required to give a copy of these documents to all parties in this case.**

**I. NOTICES (continued)**

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD-PARTY COMPLAINTS:**
A statuary filing fee must be paid when any answer that includes additional claims is filed in an existing case.

**KCLCR 4.2(a)(2)**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. The court will review the confirmation of joinder document to determine if a hearing is required. If a Show Cause order is issued, all parties cited in the order must appear before their Chief Civil Judge.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLCR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLCR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and crossclaims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must pay a statutory arbitration fee**. If a party seeks a trial de novo when an arbitration award is appealed, a statutory fee must be paid and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4A.630.020 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Civil Rule 41.

**King County Local Rules are available for viewing at www.kingcounty.gov/courts/clerk.**

## II. CASE SCHEDULE

| * | CASE EVENT | EVENT DATE |
|---|---|---|
|  | Case Filed and Schedule Issued. | 11/10/2025 |
| * | Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [*See KCLMAR 2.1(a) and Notices on Page 2*]. **$250 arbitration fee must be paid** | 04/20/2026 |
| * | **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration [*See KCLCR 4.2(a) and Notices on Page 2*]. | 04/20/2026 |
|  | **DEADLINE** for Hearing Motions to Change Case Assignment Area [*KCLCR 82(e)*]. | 05/04/2026 |
|  | **DEADLINE** for Disclosure of Possible Primary Witnesses [*See KCLCR 26(k)*]. | 06/15/2026 |
|  | **DEADLINE** for Disclosure of Possible Additional Witnesses [*See KCLCR 26(k)*]. | 07/27/2026 |
|  | **DEADLINE** for Jury Demand [*See KCLCR 38(b)(2)*]. | 08/10/2026 |
|  | **DEADLINE** for a Change in Trial Date [*See KCLCR 40(e)(2)*]. | 08/10/2026 |
|  | **DEADLINE** for Discovery Cutoff [*See KCLCR 37(g)*]. | 09/28/2026 |
|  | **DEADLINE** for Engaging in Alternative Dispute Resolution [*See KCLCR 16(b)*]. | 10/19/2026 |
|  | **DEADLINE**: Exchange Witness & Exhibit Lists & Documentary Exhibits [*KCLCR 4(j)*]. | 10/26/2026 |
| * | **DEADLINE** to file Joint Confirmation of Trial Readiness [*See KCLCR 16(a)(1)*] | 10/26/2026 |
|  | **DEADLINE** for Hearing Dispositive Pretrial Motions [*See KCLCR 56; CR 56*]. | 11/02/2026 |
| * | Joint Statement of Evidence [*See KCLCR 4 (k)*] | 11/09/2026 |
|  | **DEADLINE** for filing Trial Briefs, Proposed Findings of Fact and Conclusions of Law and Jury Instructions (Do not file proposed Findings of Fact and Conclusions of Law with the Clerk) | 11/09/2026 |
|  | Trial Date [*See KCLCR 40*]. | 11/16/2026 |

*The * indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.*

## III. ORDER

Pursuant to King County Local Rule 4 [*KCLCR 4*], IT IS ORDERED that the parties shall comply with the schedule listed above.  Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance.  It is FURTHER ORDERED that the party filing this action **must** serve this *Order Setting Civil Case Schedule* and attachment on all other parties.


DATED:    11/10/2025

_____

PRESIDING JUDGE

FILED
2025 NO  26 03:0   P
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-33619-1 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF KING

| | |
|---|---|
| KATIE BIRON, a Washington individual;<br><br>                    Plaintiff,<br>          v.<br><br>AMARA, a Washington nonprofit organization,<br><br>                    Defendant. | No. 25-2-33619-1 SEA<br><br>[Clerk's Action Required]<br><br>STIPULATION FOR EXTENSION OF TIME TO ANSWER COMPLAINT |

IT IS HEREBY STIPULATED by and between the parties through their respective counsel that Defendant Amara shall have until December 17, 2025, to answer the complaint.

Dated this 26th day of November, 2025.

SEYFARTH SHAW LLP

By: */s/ Daniel B. Keum* (by permission)
     Daniel B. Keum, WSBA No. 57174
     dkeum@seyfarth.com
     Matthew E. Moersfelder, WSBA No. 45620
     mmoersfelder@seyfarth.com
     999 Third Avenue, Suite 4700
     Seattle, Washington 98104-4041
     Phone: (206) 946-4910
     *Attorneys for Plaintiff*

SCHWABE, WILLIAMSON & WYATT, P.C.

By: */s/ Nika Aldrich*
     Nika Aldrich, WSBA #48473
     naldrich@schwabe.com
     1420 5th Ave., Suite 3400
     Seattle, WA 98101
     Telephone: 206.622.1711
     Facsimile: 206.292.0460
     *Attorneys for Defendant*

STIPULATION FOR EXTENSION OF TIME TO
ANSWER COMPLAINT - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## <u>CERTIFICATE OF SERVICE</u>

The undersigned declares under penalty of perjury, under the laws of the State of Washington, that the following is true and correct:

That on the 26th day of November, 2025, I arranged for service of the foregoing STIPULATION FOR EXTENSION OF TIME TO ANSWER COMPLAINT to the parties to this action as follows:

Daniel B. Keum
Matthew E. Moersfelder
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
Email:  dkeum@seyfarth.com
          mmoersfelder@seyfarth.com

*Attorneys for Plaintiff*

by:

☐ U.S. Postal Service, ordinary first class mail
☐ U.S. Postal Service, certified or registered mail,
    return receipt requested
☐ hand delivery
☐ facsimile
☒ electronic service
☒ other (specify)  courtesy email

Samantha J. Burnside, Legal Assistant/Paralegal

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206.622.1711

FILED

2025 NO   26
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 25-2-33619-1 SEA

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR THE COUNTY OF KING**

| | |
|---|---|
| BIRON | No. 25-2-33619-1  SEA |
| VS | **CERTIFICATE OF E-SERVICE** |
| AMARA | |

I, Nicholas (Nika) Aldrich, certify that I initiated electronic service of the following document(s) on the parties listed below who have consented to accept electronic service via the King County eFiling Application.  Service was initiated on November 26th, 2025 at 3:08 p.m.

Document(s):

1.  Motion

Parties:

1.  DanielKeum, Attorney for  Plaintiff
2.  , E-Mail: dkeum@seyfarth.com
3.  Nicholas (Nika)Aldrich, Attorney for  Defendant
4.  , E-Mail: naldrich@schwabe.com

Executed this 26th day of November, 2025.

s/Nicholas (Nika) Aldrich,   naldrich@schwabe.com

Certificate of E-Service (AFSRES)
Rev. 05/2023

Page 1

Exhibit A
Page 8 of 44

1

2

3

4

5

6

7

8

FILED

2025 DEC 01 09:00 A
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-33619-1 SEA

9              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

10                          FOR THE COUNTY OF PIERCE

11   KATIE BIRON, a Washington individual;
                                                      No. 25-2-33619-1 SEA
12                          Plaintiff,
                                                      [Clerk's Action Required]
13              v.
                                                      (PROPOSED) ORDER GRANTING
14   AMARA, a Washington nonprofit                    EXTENSION OF TIME TO ANSWER
     organization,                                    COMPLAINT
15
                            Defendant.
16

17          Pursuant to the Stipulation for Extension of Time to Answer Complaint by and

18   between the parties and filed herewith,

19          IT IS HEREBY ORDERED that Defendant Amara shall have until December 17,

20   2025, to answer the complaint.

21          Dated this ____ day of November, 2025.  11/27/2025

22

23                                          _____

                                            JUDGE/COMMISSIONER
24

25

26

(PROPOSED) ORDER GRANTING EXTENSION OF
TIME TO ANSWER COMPLAINT - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206.622.1711

1   Jointly submitted by:

2   SEYFARTH SHAW LLP

3

4   By: */s/ Daniel B. Keum* (by permission)
        Daniel B. Keum, WSBA No. 57174
5       dkeum@seyfarth.com
        Matthew E. Moersfelder, WSBA No. 45620
6       mmoersfelder@seyfarth.com
        999 Third Avenue, Suite 4700
7       Seattle, Washington 98104-4041
        Phone: (206) 946-4910
8       *Attorneys for Plaintiff*

9   SCHWABE, WILLIAMSON & WYATT, P.C.

10

11  By: */s/ Nika Aldrich*
        Nika Aldrich, WSBA #48473
12      naldrich@schwabe.com
        1420 5th Ave., Suite 3400
13      Seattle, WA 98101
        Telephone: 206.622.1711
14      Facsimile: 206.292.0460
        *Attorneys for Defendant*

15

16

17

18

19

20

21

22

23

24

25

26

(PROPOSED) ORDER GRANTING EXTENSION OF
TIME TO ANSWER COMPLAINT - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206.622.1711

1       **CERTIFICATE OF SERVICE**

2           The undersigned declares under penalty of perjury, under the laws of the State of

3   Washington, that the following is true and correct:

4           That on the 26th day of November, 2025, I arranged for service of the foregoing

5   (PROPOSED) ORDER GRANTING EXTENSION OF TIME TO ANSWER COMPLAINT

6   to the parties to this action as follows:

7           Daniel B. Keum
            Matthew E. Moersfelder
8           SEYFARTH SHAW LLP
            999 Third Avenue, Suite 4700
9           Seattle, Washington 98104-4041
            Email:  dkeum@seyfarth.com
10                  mmoersfelder@seyfarth.com

11  by:

12      ☐   U.S. Postal Service, ordinary first class mail
        ☐   U.S. Postal Service, certified or registered mail,
13          return receipt requested
        ☐   hand delivery
14      ☐   facsimile
        ☒   electronic service
15      ☒   other (specify)  via courtesy email _____

16

17                          _____
                            Samantha J. Burnside, Legal Assistant/Paralegal

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Ave., Suite 3400
Seattle, WA 98101
Telephone: 206.622.1711

**King County Superior Court**
**Judicial Electronic Signature Page**

Case Number:          25-2-33619-1  SEA
Case Title:           BIRON VS AMARA

Document Title:       Order Extending

Date Signed:          12/01/2025

_____
Commissioner: Comm. Jonathon Lack

Key/ID Number:        *319981183*

Page Count:           This document contains 3 page(s) plus this signature page.

1

2

3

4

FILED

2025 DEC 10 0 :0  P

KING COUNTY

SUPERIOR COURT CLERK

E-FILED

CASE #: 25-2-33619-1 SEA

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

8

FOR THE COUNTY OF KING

9

KATIE BIRON, a Washington individual,

10

Plaintiff,

11

v.

12

AMARA, a Washington nonprofit
organization,

13

14

Defendant.

15

Case No. 25-2-33619-1 SEA

**NOTICE TO STATE COURT AND
ADVERSE PARTIES OF REMOVAL
TO FEDERAL COURT**

**Complaint Filed:**    November 10, 2025
**Complaint Served:**  November 15, 2025
**Removal Filed:**      December 10, 2025

16    **TO:        THE CLERK OF THE COURT;**

17    **AND TO:    PLAINTIFF, AND ALL ATTORNEYS OF RECORD:**

18          NOTICE IS HEREBY GIVEN THAT:

19          1.      On December 10, 2025, Defendant Amara, through its attorneys, Schwabe, Williamson &

20    Wyatt, P.C., filed in the United States District Court for the Western District of Washington a Notice of

21    Removal of the above-captioned matter.  Attached hereto as **Exhibit 1** is a true and accurate copy of the

22    Notice of Removal, and all supporting exhibits, filed with the Federal Court.

23          2.      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, filing the aforementioned paperwork with

24    the United States District Court for the Western District of Washington, along with filing a copy of this

25    paperwork with the Court, effectuates removal of this action and requires that this Court take no further

26    action unless and until this matter is remanded.

NOTICE TO STATE COURT AND ADVERSE PARTIES
OF REMOVAL TO FEDERAL COURT - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

1    Dated:  December 10, 2025                    Respectfully submitted,

2                                                SCHWABE WILLIAMSON & WYATT

3                                                By:  *s/ Nika Aldrich*
4                                                      Nika Aldrich, WSBA #48473
                                                       Email:  naldrich@schwabe.com
5                                                      1420 5th Avenue, Suite 3400
                                                       Seattle, WA 98101
6                                                      Telephone:  206-622-1711

7                                                *Attorneys for Defendant Amara*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE TO STATE COURT AND ADVERSE PARTIES
OF REMOVAL TO FEDERAL COURT - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

# Exhibit 1

Exhibit 1
Page 1 of 29

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

12

13

14

15

16

17

18

| | |
|---|---|
| **KATIE BIRON**, a Washington individual, | Case No. 2:25-cv-02526 |
| Plaintiff, | [King County Superior Court, Case No. 25-2-33619-1 SEA] |
| v. | **NOTICE OF REMOVAL FROM STATE COURT BY DEFENDANT AMARA 28 U.S.C. § 1441(a)** |
| **AMARA**, a Washington nonprofit organization, | |
| Defendant. | **JURY TRIAL DEMANDED** |

19

20

21

22

23

24

25

26

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF WASHINGTON AND TO PLAINTIFF AND HER**

**ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Amara, by and through its undersigned

counsel and pursuant to 28 U.S.C. § 1441(a), hereby removes the action entitled *Katie Biron*

*v. Amara*, Case No. 25-2-33619-1 SEA, from the Superior Court of the State of Washington

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Exhibit 1
Page 2 of 29
Exhibit A
Page 16 of 44

in and for the County of King, to the United States District Court for the Western District of Washington.

## NATURE OF ACTION

On November 10, 2025, Plaintiff Katie Biron ("Plaintiff" or "Biron") filed this action as Case No. 25-2-33619-1 SEA in the Superior Court of the State of Washington in and for the County of King (the "State Action"). (*See generally* Exhibit A[1]). The Complaint was served on Defendant Amara on November 15, 2025.[2]

As alleged in the Complaint, at some time in 2020, Defendant Amara agreed to act as a "host organization" to Plaintiff's nonprofit organization, Family Connection Programs ("FCP"), in part to enable FCP to apply for and receive federal funding. (Ex. A at Complaint, ¶¶ 14-15). As part of this alleged partnership arrangement, Amara and FCP entered into a License Agreement, whereby FCP allegedly granted Amara a license to "use FCP's marketing and program materials," such as "program brochures, training manuals, tutorial and training videos, surveys, program video and content, email templates, website program language, and trademarks," what the Complaint defines as the "Intellectual Property." (*Id*. ¶ 3). Plaintiff alleges that "The License Agreement required that at the end of the agreement Amara would return all Family Connection Program materials to FCP and cease all use of those materials." (*Id.*)

Plaintiff alleges that Amara did not renew the License Agreement and that Amara continued to use FCP's materials after the License Agreement was not renewed. (*Id.* ¶¶ 4, 28.) Plaintiff alleges that instead, "Amara is now using FCP's Intellectual Property,

---

[1] A true and correct copy of the Summons and Complaint for the case entitled *Katie Biron v. Amara*, Case No. 25-2-33619-1 SEA is attached hereto as Exhibit A.

[2] A true and accurate copy of the Declaration of Service of Summons; Complaint; Case Information Cover Sheet and Area Designation; Order Setting Civil Case Schedule attached hereto as Exhibit B.

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Exhibit 1
Page 3 of 29
Exhibit A
Page 17 of 44

1   including using the same images and trademarks, program and manual materials for its

2   Building Family and Communication Connections program, and directly copying the

3   language phrasing and templates that belong to FCP on their own website and marketing

4   materials." (*Id.* ¶ 31.)  The Complaint asserts claims for breach of contract, unjust

5   enrichment, negligent misrepresentation, conversion, trover, and injunctive relief.  (*Id.*, ¶¶

6   35-62). Each of these claims alleges wrongful retention and/or use of the Intellectual

7   Property.

8          For example, the Unjust Enrichment claim alleges that "Amara failed to return the

9   Intellectual Property" and "unjustly retained the benefit of FCP's Intellectual Property." (*Id.*

10   ¶¶ 43-44.)

11          The Negligent Misrepresentation claim alleges that "Amara misrepresented to FCP of

12   its intentions with FCP's Intellectual Property and misrepresented and made material

13   omissions regarding its intentions to use . . . the Intellectual Property." (*Id.* ¶¶ 48.)

14          The Conversion claim alleges that "Amara has and continues to intentionally retain

15   and use the Intellectual Property that rightfully belongs FCP [sic] as outlined in the License

16   Agreement." (*Id.* ¶ 54.)  Pursuant to the Complaint, the License Agreement granted Amara

17   "only . . . the nonexclusive right and license to use . . . the materials developed for the

18   Program [] in connection with the Program." (*Id.* ¶ 21.)

19          The Trover claim alleges *inter alia* that "Amara has and continues to use the

20   Intellectual Property for its own gain and use." (*Id.* ¶ 55.)

21          Each of these causes of action further "realleges and incorporates the foregoing

22   paragraphs of this Complaint as fully set forth herein," including the allegations that Amara

23   is allegedly "using" the copyrighted materials by "directly copying the language phrasing

24   and templates" from the materials "on [Amara's] own website and marketing materials." (*Id.*

25   ¶ 40, 47, 52, 57.)

26          In addition to damages, Plaintiff seeks to enjoin Amara from "using the Intellectual

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Exhibit 1
Page 4 of 29
Exhibit A
Page 18 of 44

1  Property developed by . . . FCP." (*Id*. ¶ 62 & p. 12).  In support, Plaintiff alleges that

2  "Amara . . . continues to use the Intellectual Property developed and paid for by FCP."  (*Id*. ¶

3  61.)

4      These state law claims are auxiliary to and serve only to obfuscate the heart of

5  Plaintiff's argument—that Amara is allegedly "copying" Plaintiff's copyrighted marketing

6  materials such as "program and manual materials," "program brochures, training manuals,

7  tutorial and training videos, surveys, program video and content, email templates, website

8  program language" and, specifically, "the language phrasing and templates" in those

9  "website and marketing materials" and thereby infringing Plaintiff's exclusive right to use

10  the materials.  This is a copyright infringement case dressed up in common law claims in an

11  attempt to assert it under state law.

12                    **FEDERAL QUESTION JURISDICTION**

13      "[A]ny civil action brought in a State court of which the district courts of the United

14  States have original jurisdiction, may be removed by the defendant or the defendants, to the

15  district court of the United States for the district and division embracing the place where such

16  action is pending." 28 U.S.C. § 1441(a).

17      Pursuant to 17 U.S.C. § 301(a), "all legal or equitable rights that are equivalent to any

18  of the exclusive rights within the general scope of copyright as specified by section 106 in

19  works of authorship that are fixed in a tangible medium of expression and come within the

20  subject matter of copyright as specified by sections 102 and 103, whether created before or

21  after that date and whether published or unpublished, are governed exclusively by this title."

22      The exclusive rights specified in section 106 include the right "to reproduce the

23  copyrighted work," "to prepare derivative works based upon the copyrighted work," "to

24  distribute copies . . . of the copyrighted work to the public by sale or other transfer of

25  ownership, or by rental, lease, or lending," and "in the case of literary . . . and pictorial [or]

26  graphic . . . works . . ., to display the copyrighted work publicly."

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Exhibit 1
Page 5 of 29
Exhibit A
Page 19 of 44

1    Plaintiffs' pleaded causes of action recited above seek legal and equitable rights that

2  are equivalent to the exclusive rights within the general scope of copyright with respect to

3  the works defined as "Intellectual Property."  Such works include literary and graphical

4  works, and allegations that Amara has "used" such works, including by "copying the

5  language phrasing and templates" and displaying the copyrighted materials publicly "on their

6  website and marketing materials."

7    Such allegations are therefore "governed exclusively by" the Copyright Act.

8  Pursuant to 28 U.S.C. § 1338, "[t]he district courts shall have original jurisdiction of any

9  civil action arising under any Act of Congress relating to . . . copyrights and trademarks."

10  Accordingly, this Court has original subject matter jurisdiction over such claims.

11    In addition to the claims outlined above, Plaintiff brings a variety of other state law

12  claims regarding Defendant's alleged wrongful acts in relation to the Programs.  To the

13  extent that these causes of action do not arise under federal copyright law, this Court has

14  supplemental jurisdiction of these causes of action because they all form part of the same

15  case or controversy as the claim over which this Court has original jurisdiction.  28 U.S.C. §

16  1367(a); *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 167 (1997).

17    <u>**SATISFACTION OF PROCEDURAL REQUIREMENTS**</u>

18    This Notice of Removal is timely filed. Pursuant to 28 U.S.C. § 1446(b), the "notice

19  of removal of a civil action or proceeding shall be filed within thirty (30) days after the

20  receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  The

21  thirty-day period runs from formal service on Defendants.  *See Murphy Bros. v. Michetti*

22  *Pipe Stringing*, 526 U.S. 344, 347-48 (19999) (holding that the 30-day period for removal

23  under 28 U.S.C. § 1446(b) does not begin to run until formal service is effectuated).  The

24  earliest date on which any of the Defendants was served with the Summons and Complaint in

25  the State Action was November 13, 2025. (Ex. B).  This Notice of Removal is filed within 30

26  days of November 13, 2025.

NOTICE OF REMOVAL
CASE No. 2:25-cv-02526 - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Exhibit 1
Page 6 of 29
Exhibit A
Page 20 of 44

1    Removal to this Court is proper under 28 U.S.C. § 1441 because this district and

2  division "embrace[e] the place where such action is pending." *Id*. § 1441(a).

3    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with

4  the Clerk of the Superior Court of the State of Washington, County of King, and is being

5  served on all parties.

6    Nothing in this Notice of Removal is intended or should be construed as any type of

7  express or implied admission by Amara of any fact or the validity or merits of Plaintiff's

8  claims, causes of action or allegations, or ability to maintain such an action in court.

9                                **<u>CONCLUSION</u>**

10    Based on the foregoing, Defendant Amara provides notice that it removes this action,

11  now pending in the Superior Court of the State of Washington for the County of King, Case

12  No. 25-2-33619-1 SEA, to the United States District Court for the Western District of

13  Washington, and respectfully requests that this Court assume full jurisdiction over this action

14  as if Plaintiff had originally commenced this action with this Court.

15    Dated this 10th day of December, 2025.

16                        SCHWABE, WILLIAMSON & WYATT, P.C.

17              By:    *s/ Nika Aldrich*
                       Nika Aldrich, WSBA #48473
18                     Email: naldrich@schwabe.com

19              By:    *s/ James Vana*
                       James Vana, WSB #34924
20                     Email: jvana@schwabe.com

21

22              By:    *s/ Julia Davis*
                       Julia Davis, WSB #62997
23                     Email: jdavis@schwabe.com
                       1420 5th Avenue, Suite 3400
24                     Seattle, WA 98101
                       Telephone:  206-622-1711
25

26                     *Attorneys for Defendant*

NOTICE OF REMOVAL                          SCHWABE, WILLIAMSON & WYATT, P.C.
CASE No. 2:25-cv-02526 - 6                            Attorneys at Law
                                              1420 5th Avenue, Suite 3400
                                                   Seattle, WA 98101
                                              Telephone 206-622-1711

Exhibit 1
Page 7 of 29
Exhibit A
Page 21 of 44

1

<u>**CERTIFICATE OF SERVICE**</u>

2

    I hereby certify that on the 10th day of December, 2025, I caused to be served the

3

foregoing **NOTICE OF REMOVAL FROM STATE COURT BY DEFENDANT**

4

**AMARA 28 U.S.C. § 1441(a)** on the following party at the following address:

5

       Daniel B. Keum                ☒ First Class Mail

6

       Matthew E. Moersfelder     ☐ Electronic Service
       SEYFARTH SHAW LLP      ☐ Email

7

       999 Third Avenue, Suite 4700  ☒ Other: Courtesy Email
       Seattle, Washington 98104-4041

8

       E-Mail: dkeum@seyfarth.com
               mmoersfelder@seyfarth.com

9

10

     *Attorneys for Plaintiff*

11

12

                        *s/ Nika Aldrich*               

13

                        Nika Aldrich, WSBA #48473

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

Exhibit 1
Page 8 of 29
Exhibit A
Page 22 of 44

# Exhibit A

Exhibit A
Page 1 of 85

Exhibit 1
Page 9 of 29

Exhibit A
Page 23 of 44

FILED
2025 NO   10 12:52 P
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-33619-1 SEA

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KATIE BIRON, a Washington individual; | Case No. |
| Plaintiff, | SUMMONS |
| v. | |
| AMARA, a Washington nonprofit organization, | |
| Defendant. | |

TO THE DEFENDANT: AMARA

A lawsuit has been started against you in the above entitled court by Katie Biron, plaintiff. Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or within sixty (60) days if this Summons was served outside the State of Washington, or within forty (40) days if this Summons is served through the Insurance Commissioner's Office, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

SUMMONS - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 10 of 29
Exhibit A
Page 24 of 44

1    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

2    that your written response, if any, may be served on time.

3    This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

4    of Washington.

5

6    DATED this 10th day of November, 2025.

7                                    SEYFARTH SHAW LLP

8

9                                    By:  */s/ Daniel B. Keum*
                                        Daniel B. Keum, WSBA No. 57174
10                                       Matthew E. Moersfelder, WSBA No. 45620
                                        999 Third Avenue, Suite 4700
11                                       Seattle, Washington 98104-4041
                                        Phone:  (206) 946-4910
12                                       Email:  dkeum@seyfarth.com
                                            mmoersfelder@seyfarth.com
13
                                        *Attorneys for Plaintiff*
14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 11 of 29
Exhibit A
Page 25 of 44

FILED
2025 NO   10 12:52 P
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-33619-1 SEA

1

2

3

4

5

6 THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

7

8 KATIE BIRON, a Washington individual;    Case No.

9                              Plaintiff,    **COMPLAINT**

10         v.

11 AMARA, a Washington nonprofit
organization,

12

13                              Defendant.

14        Plaintiff Katie Biron, using the name the Family Connections Program ("Plaintiff" or

15 "FCP"), by and through its counsel of record, Seyfarth Shaw LLP, alleges as follows:

16                        **I.    INTRODUCTION**

17        1.    This is a case of blatant deception, lies, and theft of intellectual property. It arises

18 from a once-promising possible partnership between FCP and Amara with the aim of helping foster

19 children to build relationships between parents—whose children are placed in foster care—and

20 those caring for the children (caregivers) in Washington State.

21        2.    Katie Biron developed an early version of the FCP in 2017.  However, since Ms.

22 Biron was operating FCP as an individual, and not at the time through a nonprofit organization,

23 she needed a host organization for the program to receive government funds. FCP had several

24 different possible host organizations for the program, which Amara was one of the options.

25        3.    In late 2020, Amara offered to act as host organization for the FCP, while

26 recognizing that the program was owned by and belonged to FCP. In order to allow Amara to act

COMPLAINT - 1                                    SEYFARTH SHAW LLP
                                                 999 Third Avenue
                                                 Suite 4700
                                                 Seattle, WA 98104-3100
                                                 (206) 946-4910

Exhibit 1
Page 12 of 29
Exhibit A
Page 26 of 44

1   as a host organization and assist in the provision of the FCP, it granted a non-exclusive license

2   ("License Agreement") to Amara to use FCP's marketing and program materials such as the

3   license to use FCP's program brochures, training manuals, tutorial and training videos, surveys,

4   program video and content, email templates, website program language, and trademarks in this

5   development effort ("Intellectual Property.") In exchange Amara assigned all rights it might ever

6   have in the Family Connections Program to FCP.  The License Agreement required that at the end

7   of the agreement Amara would return all Family Connection Program materials to FCP and cease

8   all use of those materials. In addition, the License Agreement stated that Amara agreed to cease

9   and desist from all use of the Trademarks and the Program in any way upon termination of the

10  License Agreement.

11          4.      Following a period of working together for several years, in early February 2025,

12  Amara elected not to renew its License Agreement with FCP and informed in writing to FCP that

13  it would return all of FCP's Intellectual Property prior to the License Agreement's expiration.

14          5.      Amara broke its promise and never returned the materials. Indeed, it had different,

15  undisclosed ambitions to FCP, which were to secretly compete with FCP and unlawfully leverage

16  FCP's materials to develop its own family connections program for foster children. Amara violated

17  its contractual and statutory obligations to return FCP's Intellectual Property and to this day

18  improperly uses the Intellectual Property to develop its own competing family resources program

19  similarly titled Families Building Community ("FBC.") Upon information and belief, Amara is

20  now applying to government sponsorships and funding and misrepresenting to government

21  agencies that the Intellectual Property is Amara's and not FCP's.

22                          **II.        PARTIES AND RELEVANT NON-PARTIES**

23          6.      Katie Biron is an individual domiciled in Washington.

24          7.      Amara is a Washington nonprofit organization with its headquarters in Washington.

25

26

COMPLAINT - 2

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 13 of 29
Exhibit A
Page 27 of 44

1    **III.    JURISDICTION AND VENUE**

2    8.    This Court has general subject matter jurisdiction over this action under RCW

3    2.08.010.

4    9.    Venue before this Court is proper pursuant to RCW 4.12.020 because a substantial

5    part of the events giving rise to Plaintiff's claims occurred in King County and Defendant resides

6    in King County.

7    **IV.    STATEMENT OF APPLICABLE FACTS**

8    **A.    Amara and FCP Explore a Working Relationship in 2020**

9    10.    In 2017, Biron began the work that eventually evolved into FCP, a unique approach

10   utilizing the lived experience and unique skillset of peer mentors to help build relationships

11   between birth and foster parents in order to better support foster children. This effort evolved from

12   her involvement in community programs dedicated to addressing foster children's needs and her

13   own experience as a foster and adoptive parent  From 2017–2019, Biron presented her work on

14   building and nurturing relationships between parents whose children were placed in foster care

15   and the caregivers raising them. She shared this work with multiple organizations across

16   Washington State and self-funded these efforts. Biron also created all the program documents and

17   trainings on her own. During this period, Amara was not involved in the early days of FCP's work.

18   11.    Biron also served as chair of a Child Welfare Stakeholders Group ("CAP"). There,

19   Biron raised concerns about strained parent–caregiver relationships and proposed using peer

20   mentors to help navigate these challenges. CAP members recognized the importance of this issue

21   and supported her efforts. Over the next two years, Biron developed the program structure and

22   materials, regularly bringing drafts to CAP for feedback. Members were enthusiastic and

23   contributed as they could. One member represented Amara, which at the time was considering a

24   program where their social workers would facilitate meetings between parents and caregivers.

25   12.    In April 2019, Amara shared with CAP that they were pursuing implementation of

26   the Annie E. Casey's *Icebreakers Program* for families served by their agency. Shortly afterward,

COMPLAINT - 3

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 14 of 29
Exhibit A
Page 28 of 44

1    Amara informed CAP they had paused this plan because of Amara's growing interest in Biron's

2    unique concept of using parents and caregivers with lived child welfare experience to serve as peer

3    mentors to FCP participants instead of the social worker.

4         13.    Biron considered multiple non-profit host organizations for the FCP, as she did not

5    have her own non-profit, which was required to acquire funding for the program. The first pilot

6    site to offer FCP was the King County Family Treatment Court. Amara had no involvement in this

7    pilot and all agreements related to this pilot site were between Biron and the Court.

8         14.    On November 4, 2019 Amara contacted Biron to inquire whether a partnership

9    between FCP and Amara was possible. Amara contacted Biron in part because Biron had a working

10   history with Amara and given Amara's generally known commitment to foster children. FCP and

11   Amara envisioned that a partnership between Amara and FCP would support the goal of bridging

12   and beginning relationships between foster children with their birth parents. Biron was agreeable

13   to considering Amara as a second host organization for FCP.

14        15.    Biron advocated for, and obtained, funding from the State of Washington to support

15   FCP in 2020. She did this without any support or assistance from Amara. She also brought forth a

16   proposal to the legislature to codify FCP in statute. In March 2020, the bill creating FCP was

17   signed into law with full funding. Unfortunately, the emergence of the Covid-19 pandemic meant

18   that the governor vetoed all funding for the program. The program remained in effect.

19        16.    Amara and Biron then partnered to locate program funding. In December 2020,

20   Biron secured funding from Casey Family Programs ("CFP"). Before releasing the funds, CFP

21   required confirmation that Biron was the sole owner of FCP. CFP's attorney, Mercedes Scopetta,

22   then confirmed that Amara acknowledged Biron's ownership of the program. As a result, CFP

23   required Katie and Amara to formalize a license granting Amara the right to utilize the FCP logo

24   and materials, ensuring clarity and preventing future disputes.

25        17.    In November 2020, Biron drafted and developed a License Agreement wherein

26   FCP agreed to provide a non-exclusive license to Amara to use the Intellectual Property. Amara

COMPLAINT - 4

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 15 of 29
Exhibit A
Page 29 of 44

1    understood at this time, and at all times, that the Intellectual Property belonged to FCP, which

2    explained the need for Amara and FCP to create the License Agreement in order to receive CFP's

3    funding. To that end, FCP and Amara negotiated the terms and conditions of the License

4    Agreement in late 2020. Throughout these negotiations, Amara was fully aware that Biron was the

5    exclusive developer and owner of the FCP Intellectual Property, Mercedes Scopetta, Casey's

6    attorney, confirmed in writing that "Amara has made Casey aware that Katie Biron, Amara's

7    contractor, is the owner of the Family Connections Materials and trademarks."

8          **B.    Amara and FCP Execute the License Agreement Assigning Amara a Limited,
               Non-Exclusive License and Requirement to Return All Intellectual Property**

9

10         18.    On March 10, 2021, Amara and FCP finalized and executed the Intellectual

11   Property Agreement. The License Agreement is unequivocal about FCP's complete and

12   unimpeded ownership to the Intellectual Property. The License Agreement was executed by Katie

13   Biron on behalf of FCP and Jason Gortney, the interim Chief Executive Officer of Amara at the

14   time.

15         19.    Specifically, the License Agreement recognized that FCP was "the owner of

16   trademarks and/or service marks Family Connections Program and accompanying design,

17   including all common law rights, including the marks set forth on Schedule A."

18         20.    The License Agreement further recognized that FCP is "the owner and creator of

19   the program offered under the Trademarks for creating a framework for building relationships to

20   facilitate foster care."

21         21.    The License Agreement also specifically recognized that the Licensee, here Amara,

22   was only being granted "the nonexclusive right and license to use the Trademarks . . . and the

23   materials developed for the Program [] in connection with the Program." The License Agreement

24   further stated the "licenses [were][] nontransferable by Licensee except with Licensor's prior

25   written approval, and all transferees of this license must agree to comply with the terms and

26   conditions of this agreement." Indeed, there was even an acknowledgement provision in the

COMPLAINT - 5

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 16 of 29
Exhibit A
Page 30 of 44

Intellectual Property Agreement, which had Amara "acknowledge[] and agree[] that all rights in the Program and the Materials in connection with the Program belong exclusively to Licensor." And, "[t]o the extent that Licensee would otherwise be entitled to any copyright rights in the Materials, Licensee hereby assign[ed] all such rights to Licensor."

22.    The License Agreement also mandated that, if it were terminated, Amara would be required to "cease and desist from all use of the Trademarks and the Program in any way and will deliver up to Licensor, or its duly authorized representatives, all goods, material, and papers upon which any of the Trademarks appear."

23.    In short, the License Agreement is crystal-clear: Amara was being granted a limited, non-exclusive license to the Intellectual Property that Amara needed to return back to FCP upon conclusion of the License Agreement.

24.    Per the agreement, the term of the License Agreement was five years from the execution date.

**C.    Amara Violates the License Agreement and Refuses to Return them to FCP**

25.    In October 2024, Amara informed the FCP Advisory Committee that they had applied for and been awarded a grant through the King County Best Starts for Kids program that would allow them to continue the FCP work for the next 3 years.

26.    Aware that Amara had secured ongoing funding for FCP, as well as knowing that the Washington State Legislature had provided funding to FCP for the 2025-27 biennium, approaching the expiration of the License Agreement, on February 12, 2025, Ms. Biron contacted Amara to see if it wanted to renew the License Agreement as it was set to expire on March 21, 2025.

27.    On February 27, 2025, Xuan Chang, on behalf of Amara, responded to Ms. Biron and stated that Amara had "elected not to renew the Family Connections Program license." It specifically promised to "ensure that all FCP materials, name, derivative work and logo [would] be removed prior to the license expiration."

COMPLAINT - 6

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 17 of 29
Exhibit A
Page 31 of 44

1    28.    Despite their assurances, and contractual obligation to do so, Amara never returned

2    the materials to FCP. To date, the Intellectual Property has not been returned.

3    29.    In 2025, Ms. Biron discovered that Amara has been improperly using the

4    Intellectual Property Materials for their own gain and benefit in direct violation of the License

5    Agreement.

6    30.    Indeed, not only has Amara continued performing family connections work on their

7    own, but Amara at first changed the name of its program to Family and Communication

8    Connections Program, which nearly copied FCP's name. After objections from FCP, Amara then

9    changed the program name again to Building Family and Communication Connections. Amara

10   has since renamed their program again to Families Building Community.

11   31.    Amara is now using FCP's Intellectual Property, including using the same images

12   and trademarks, program and manual materials for its Building Family and Communication

13   Connections program, and directly copying the language phrasing and templates that belong to

14   FCP on their own website and marketing materials. Examples of the known infringements include

15   the following:

16

17



**10/29/25 – Amara's FBC Program**

**FBCP 101**

Our online FBCP 101 meeting shows how parents and caregivers involved in the child-welfare system can partner to make the experience of foster care less traumatic for everyone involved. We will hear from professionals with lived experience in "the system." We encourage parents, caregivers, caseworkers, and anyone interested in learning about the FBCP's different approach to providing care to join and learn how authentic partnering is transforming foster care for kids and families.

**11/7/23 – Katie's Family Connections Program**

Amara's Family Connections Program's *Connections 101* is for anyone interested in learning about a different approach to providing care for kids and youth in foster care. We encourage case workers, parents, and caregivers to attend this free virtual conversation.

Connections 101 shows how parents and caregivers involved in the child-welfare system can partner to make the experience of foster care less traumatic for everyone involved. We will talk about the value of building child and family-centered relationships, and hear from professionals with lived experience in "the system."

Join us virtually at 1pm on November 15th to learn how authentic partnering has the potential to transform foster care for kids and families.

18

19

20

21

22

23

24

25

26

COMPLAINT - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 18 of 29
Exhibit A
Page 32 of 44



SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 19 of 29
Exhibit A
Page 33 of 44

32.     Amara is also using the FCP's Intellectual Property to seek government funding claiming FCP's Intellectual Property as its own.

33.     Amara's refusal to return FCP's Intellectual Property has also prevented FCP from pursing the Family Connections Program with a different host organization or non-profit, which has impacted its ability to seek the government funding earmarked for the Family Connection Program.

34.     Upon information and belief, because of Amara's illegal actions, FCP is in danger of losing out on at least $1,200,000 million in government funding, which Amara is seeking to convert to its own benefit using FCP's Intellectual Property.

### V.     CLAIMS OF RELIEF

35.     FCP brings the following direct claims arising out of Amara's misconduct:

### COUNT ONE

### BREACH OF CONTRACT

### (<u>Against Amara</u>)

36.     FCP realleges and incorporates the foregoing paragraphs of this Complaint as fully set forth herein.

37.     Amara entered into the License Agreement with FCP to return all of the Intellectual Property back to FCP upon termination of the Intellectual Property Agreement.

38.     Amara breached the terms of the License Agreement relating to the return of the Intellectual Property back to FCP upon its termination.

39.     Amara has caused damages to FCP and is liable to FCP in an amount to be proven at trial.

COMPLAINT - 9

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 20 of 29
Exhibit A
Page 34 of 44

**COUNT TWO**

**UNJUST ENRICHMENT**

(**Against Amara**)

40.     FCP realleges and incorporates the foregoing paragraphs of this Complaint as fully set forth herein.

41.     FCP agreed to provide a limited and non-exclusive license to Amara to use its Intellectual Property under the License Agreement.

42.     Amara received the benefit of the Intellectual Property.

43.     Amara failed to return the Intellectual Property back to FCP.

44.     Amara has therefore unjustly retained the benefit FCP's Intellectual Property.

45.     It would be unjust to allow Amara to retain the benefits of FCP's Intellectual Property.

46.     Amara has caused damages to FCP in an amount to be proven at trial.

**COUNT THREE**

**NEGLIGENT MISREPRESENTATION**

(**Against Amara**)

47.     FCP realleges and incorporates the foregoing paragraphs of this Complaint as fully set forth herein.

48.     Amara  misrepresented to FCP of its intentions with FCP's Intellectual Property and misrepresented and made material omissions regarding its intentions to use and return the Intellectual Property.

49.     The misrepresentations and omissions made by Amara were material and induced FCP to enter into the License Agreement

50.     FCP justifiably relied on Amara when it entered into the License Agreement based on Amara's misrepresentations and omissions.

51.     Amara has caused damages to FCP in an amount to be determined at trial.

COMPLAINT - 10

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 21 of 29
Exhibit A
Page 35 of 44

**COUNT FOUR**

**CONVERSION**

(**Against Amara**)

52.     FCP realleges and incorporates the foregoing paragraphs of this Complaint as fully set forth herein.

53.     Amara has and continues to intentionally retain Intellectual Property owned by FCP

54.     Amara has and continues to intentionally retain and use the Intellectual Property that rightfully belongs FCP as outlined in the License Agreement.

55.     Amara has and continues to use the Intellectual Property for its own gain and use.

56.     As a direct and proximate cause of Amara's conversion, FCP has suffered and will continue to suffer harm, loss, and/or damages in the amount of at least $1,200,000 and in an amount to be proven at trial.

**COUNT FIVE**

**TROVER**

(**Against Amara**)

57.     FCP realleges and incorporates the foregoing paragraphs of this Complaint as fully set forth herein.

58.     Amara's continued possession of the Intellectual Property is injurious to FCP's property rights.

59.     Amara's injurious continued possession of the Intellectual Property is a direct and proximate cause of injury and damage to FCP.

**COUNT SIX**

**INJUNCTIVE RELIEF**

(**Against Amara**)

60.     FCP realleges and incorporates the foregoing paragraphs of this Complaint as fully set forth herein.

COMPLAINT - 11

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 22 of 29
Exhibit A
Page 36 of 44

61.    As a direct and proximate result of Amara's ongoing wrongful and unauthorized acts as alleged herein, FCP has suffered and will continue to suffer actual, substantial, and irreparable injury to its business and interests. Amara has and continues to violate the License Agreement and continues to use the Intellectual Property developed and paid for by FCP.

62.    As a result, FCP has no adequate remedy at law to compensate it for the continuing injuries inflicted by Amara. Accordingly, FCP is entitled to injunctive relief in the form of an order that enjoins Amara from (1) violating any provisions of the License Agreement including, but not limited to, requiring the return of all Intellectual Property to FCP by Amara under the License Agreement; and (2) using the Intellectual Property developed by and paid for by FCP.

## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A preliminary injunction against Amara enjoining it from (1) violating any provisions of the License Agreement including, but not limited to, requiring the return of all Intellectual Property to FCP by Amara under the Intellectual Property Agreement; and (2) using the Intellectual Property developed by and paid for by state funds specifically allocated to FCP.

D.    An award in favor of FCP for damages in an amount to be determined at trial.

E.    An award in favor of FCP for prejudgment interest and attorneys' fees and costs as permitted under the law and contract.

F.    Disgorgement of wrongfully gained profits and technology.

G.    Any and all other further relief that the Court deems reasonable and proper.

/ /

/ /

/ /

/ /

/ /

/ /

COMPLAINT - 12

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 23 of 29
Exhibit A
Page 37 of 44

1   Respectfully submitted this 10th day of November, 2025.

2                           SEYFARTH SHAW LLP

3

4   By:   */s/ Daniel B. Keum*
            Daniel B. Keum, WSBA No. 57174
5           Matthew E. Moersfelder, WSBA No. 45620
            999 Third Avenue, Suite 4700
6           Seattle, Washington 98104-4041
            Phone:  (206) 946-4910
7           Email:  dkeum@seyfarth.com
                    mmoersfelder@seyfarth.com
8
            *Attorneys for Plaintiff*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 13

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 24 of 29
Exhibit A
Page 38 of 44

# Exhibit B

Exhibit 1
Page 25 of 29

**FILED**
2025 DEC 02
KING COUNTY
SUPERIOR COURT CLERK

CASE #: 25-2-33619-1 SEA

SUPERIOR COURT, STATE OF WASHINGTON, COUNTY OF KING

| | |
|---|---|
| KATIE BIRON, a Washington individual, | NO. 25-2-33619-1 SEA |
| Plaintiff(s), | DECLARATION OF SERVICE OF: SUMMONS; |
| Vs. | COMPLAINT; CASE INFORMATION COVER SHEET |
| | AND AREA DESIGNATION; ORDER SETTING |
| AMARA, a Washington nonprofit organization, | CIVIL CASE SCHEDULE. |
| Defendant(s). | |

STATE OF WASHINGTON
COUNTY OF KING

That I am now, and at all times herein mentioned, was a citizen of the United States and a resident of the State of Washington, over the age of 18 years, not a party to or interested in the above entitled action, and am competent to be a witness therein.

That at 1:01 P.M. on November 15th, 2025, at 3737 South G Street, Tacoma, Washington, I duly served the above-described documents in the above-described matter upon Amara, by then and there personally delivering a true and correct copy thereof by leaving the same Fahren Johnson, its CEO, who stated that she was authorized to accept service.

I declare under the penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

| | | |
|---|---|---|
| Process Fee: | 12.00 | Signed at Seattle, Washington, on ___11/19/25___ |
| Prep: | 10.00 | |
| Travel: | 140.00 | |
| Bad Address: | | |
| SSA: | 280.00 | |
| Trace: | 150.00 | |
| Special Fee: | 90.00 | |
| Declaration Fee: | 12.00 | |
| | | |
| TOTAL | $694.00 | PAT MAHONEY          KING CO. # 0310560 |

Exhibit 1
Page 26 of 29
Exhibit A
Page 40 of 44

FILED
2025 NOV 10 12:52 PM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-33619-1 SEA

1

2

3

4

5

6        THE SUPERIOR COURT OF THE STATE OF WASHINGTON
                IN AND FOR THE COUNTY OF KING

7

8    KATIE BIRON, a Washington individual;        Case No.

9                          Plaintiff,             SUMMONS

10              v.

11   AMARA, a Washington nonprofit
     organization,

12                         Defendant.

13

14   TO THE DEFENDANT: AMARA

15       A lawsuit has been started against you in the above entitled court by Katie Biron, plaintiff.

16   Plaintiff's claim is stated in the written complaint, a copy of which is served upon you with this

17   summons.

18       In order to defend against this lawsuit, you must respond to the complaint by stating your

19   defense in writing, and by serving a copy upon the person signing this summons within 20 days

20   after the service of this summons, excluding the day of service, or within sixty (60) days if this

21   Summons was served outside the State of Washington, or within forty (40) days if this Summons

22   is served through the Insurance Commissioner's Office, or a default judgment may be entered

23   against you without notice. A default judgment is one where plaintiff is entitled to what he asks

24   for because you have not responded. If you serve a notice of appearance on the undersigned person,

25   you are entitled to notice before a default judgment may be entered.

26

SUMMONS - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, WA 98104-3100
(206) 946-4910

Exhibit 1
Page 27 of 29
Exhibit A
Page 41 of 44

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

KATIE BIRON, a Washington individual

## DEFENDANTS

Amara, a Washington nonprofit organization

**(b)** County of Residence of First Listed Plaintiff   King County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Seyfarth Shaw LLP, 999 Third Avenue, Suite 4700, Seattle, WA 98104 | Tel. 206-946-4910

Attorneys *(If Known)*

Schwabe, Williamson & Wyatt, P.C. 1420 5th Ave., Suite 3400, Seattle, WA 98101  Tel:  206-622-1711

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☒ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Secs. 1441(a), 1338, 1367

Brief description of cause:
Breach of Contract, Unjust Enrichment, Misrepresentation, Conversion, Trover, and Injunctive Relief

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
December 10, 2025

SIGNATURE OF ATTORNEY OF RECORD
s/ Nika Aldrich

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Exhibit 1
Page 28 of 29
Exhibit A
Page 42 of 44

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Exhibit 1
Page 29 of 29
Exhibit A
Page 43 of 44

1

## CERTIFICATE OF SERVICE

2      The undersigned declares under penalty of perjury, under the laws of the State of

3  Washington, that the following is true and correct:

4      That on the 10th day of December, 2025, I caused to be served the foregoing **NOTICE TO**

5  **STATE COURT AND ADVERSE PARTIES OF REMOVAL TO FEDERAL COURT** to the parties

6  to this action as follows:

7          Daniel B. Keum                    ☒ First Class Mail
           Matthew E. Moersfelder            ☐ Electronic Service
8          SEYFARTH SHAW LLP                 ☐ Email
           999 Third Avenue, Suite 4700      ☒ Other:  Courtesy Email
9          Seattle, Washington 98104-4041
           E-Mail: dkeum@seyfarth.com
10                 mmoersfelder@seyfarth.com

11

12         *Attorneys for Plaintiff*

13

14

15                                          _____
                                            Samantha J. Burnside, Legal Assistant/Paralegal
16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711