HON. GRADY J. LEUPOLD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **KATIE BIRON**, a Washington individual, | Case No. 2:25-cv-02526-GJL |
| Plaintiff, | **MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION** |
| v. | |
| **AMARA**, a Washington nonprofit organization, | NOTE ON MOTION CALENDAR: January 14, 2026 |
| Defendant. | **ORAL ARGUMENT REQUESTED** |

# MOTION

Defendant Amara, pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves this Court for an Order dismissing Plaintiff Katie Biron's third cause of action for negligent misrepresentation. Plaintiff has failed to plead sufficient facts to establish a claim under Rule 9(b), including the "who, where, why, what, and how" elements required for claims sounding in fraud. Additionally, Plaintiff's claim fails under the independent duty doctrine, because she alleges no extracontractual duty that was owed to her by Defendant at the time of contract formation.

MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

I. **STATEMENT OF FACTS**

In her Complaint, Plaintiff Katie Biron alleges that she and Defendant Amara entered into a contractual relationship. Specifically, she alleges that at some time in 2020, Defendant Amara agreed to act as a "host organization" to Plaintiff's nonprofit organization, Family Connection Programs ("FCP"), in part to enable FCP to apply for and receive federal funding. (ECF 1-1 ¶¶ 14-15.)

The Complaint alleges that, as part of this alleged arrangement, Amara and FCP entered into an intellectual property license agreement, whereby FCP granted Amara a license to use FCP's marketing and program materials. (*Id*. ¶¶ 3, 18.) Plaintiff alleges that "[t]he License Agreement required that at the end of the agreement Amara would return all Family Connection Program materials to FCP and cease all use of those materials." (*Id.*)

Plaintiff alleges that Amara did not renew the License Agreement and that Amara continued to use FCP's materials after the License Agreement was not renewed. (*Id.* ¶¶ 4, 28.) Plaintiff alleges that Amara "broke its promise" by not returning the materials." In one sentence, the Complaint alleges that Amara had "undisclosed ambitions . . . to secretly compete with FCP and unlawfully leverage FCP's materials to develop its own . . . program." (*Id.* ¶ 5.) However, it does not disclose *when* Amara held these "undisclosed ambitions," nor does it elaborate on why Plaintiff believes that Amara had "ambitions" beyond those that it stated to Plaintiff. The Complaint does not identify any statements, written or otherwise, in which Amara made any alleged misrepresentation, whether at the time of contracting or any time thereafter. (*Id*.)

The Complaint asserts claims for breach of contract, unjust enrichment, negligent misrepresentation, conversion, trover, and injunctive relief. (*Id.*, ¶¶ 35-62.) Plaintiff's claim for negligent misrepresentation (her third cause of action) states, in full:

> 47. FCP realleges and incorporates the foregoing paragraphs of this Complaint

MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

> 48. Amara misrepresented to FCP of its intentions with [sic] FCP's Intellectual Property and misrepresented and made material omissions regarding its intentions to use and return the Intellectual Property.
>
> 49. The misrepresentations and omissions made by Amara were material and induced FCP to enter into the License Agreement
>
> 50. FCP justifiably relied on Amara when it entered into the License Agreement based on Amara's misrepresentations and omissions.
>
> 51. Amara has caused damages to FCP in an amount to be determined at trial.

(*Id.*, ¶¶ 47-51.)

## II. LEGAL STANDARD

Negligent misrepresentation is actionable under Washington law only where, during the formation of a contract, a party owing a duty to the plaintiff supplied materially false information that the plaintiff reasonably relied upon in entering into the contract. *Surface Art, Inc v. Tesserae Techs.*, 2025 WL 1267433, at *10 (W.D. Wash. May 1, 2025). Because it requires a reliance on a false statement made by the defendant, negligent misrepresentation must be pleaded pursuant to Rule 9(b). *Id.*

Pursuant to Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This requires the plaintiff to plead "'the who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).) This is a heightened pleading standard. *Wessa v. Watermark Paddlesports, Inc.*, 2006 WL 1418906, at *2 (W.D. Wash. May 22, 2006).

Additionally, in Washington, the tort of negligent misrepresentation is subject to the independent duty doctrine. *Surface Art*, 2025 WL 1267433, at *9. "The independent duty

MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

doctrine, previously known as the economic loss rule, bars recovery in tort for economic losses suffered by parties to a contract unless the breaching party owed a duty in tort independent of the contract." *Pointe at Westport Harbor Homeowners' Ass'n v. Eng'rs Nw., Inc., P.S.*, 376 P.3d 1158, 1162 (Wash. App. 2016). "In other words, breach of contract is a claim sounding exclusively in contract law; there is no 'tort' for breach of contract. The acts or omissions comprising the breach of contract do not also provide the basis for a separate tort action, unless the defendant owed the plaintiff an extracontractual duty that was not contemplated by the contract." *Surface Art*, 2025 WL 1267433, at *9. "The test is not simply whether an injury is an economic loss arising from a breach of contract, but rather whether the injury is traceable also to a breach of a tort law duty of care arising independently of the contract." *Pointe at Westport Harbor*, 376 P.3d at 1162. Such claims are most commonly found in agency relationships, where an agent owes an independent duty to the principal. *See, e.g.*, *Eastwood v. Horse Harbor Found., Inc.*, 241 P.3d 1256, 1262-1265 (Wash. 2010).

## III. ARGUMENT

Plaintiff's claim for negligent misrepresentation must be dismissed because it fails to meet the pleading requirements under Rule 9(b), and also because it fails under the independent duty doctrine.

Plaintiff's claim fails under Rule 9(b) because she fails to allege the "'the who, what, when, where, and how' of the misconduct charged." *Kearns*, 567 F.3d at 1124. The single sentence alleging that "Amara misrepresented to FCP its intentions with FCP's Intellectual Property and misrepresented and made material omissions regarding its intentions to use and return the Intellectual Property" fails to allege **who** made the representation, **when** the representation was made, or even **what** the alleged misrepresentation was.

Furthermore, Plaintiff's allegations fail under the independent duty doctrine, because she fails to allege the existence of "an extracontractual duty that was not contemplated by the

MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

contract," such as an agency or similar relationship. *Surface Art*, 2025 WL 1267433, at *9 (dismissing a negligent misrepresentation where the "thinness of the pleading also leads the Court to conclude that, as pleaded, the negligent-misrepresentation claim . . . is barred by the independent duty doctrine." *Id.*, at *10).

IV. **CONCLUSION**

This Court should dismiss Plaintiff's third cause of action for negligent misrepresentation.

*I hereby certify that this brief contains 1,071 words, in accordance with the Local Civil Rules.*

Dated this 17th day of December, 2025.

SCHWABE, WILLIAMSON & WYATT, P.C.


By: <u>s/ Nika Aldrich</u>
Nika Aldrich, WSBA #48473
Email: naldrich@schwabe.com
James Vana, WSBA #34924
Email: jvana@schwabe.com
Julia Davis, WSB #62997
Email: jdavis@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101

*Attorneys for Defendant*

MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711