UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATIE BIRON, a Washington individual, | Case No. 2:25-cv-02526-GJL |
| Plaintiff, | FRCP 26(f) JOINT STATUS REPORT AND CASE MANAGEMENT PLAN |
| v. | |
| AMARA, a Washington nonprofit organization, | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Court Rule 26(f), counsel for the Plaintiff Katie Biron ("Plaintiff" or "Biron") and for the Defendant Amara ("Defendant" or "Amara"), conferred by phone on January 20, 2026, and by email on and after that date, and file this joint status report and discovery/case management plan:

**1. STATEMENT OF THE CASE**:

Plaintiff's Position

Biron brings her claims against Amara in connection with a non-exclusive license agreement the parties executed in 2020, in which Biron granted a non-exclusive license regarding her and Family Connection Program's ("FCP") intellectual property to Amara ("License Agreement"). Biron asserts that, following the termination of the License Agreement, Amara refused to return her and FCP's program brochures, training manuals, tutorial and training videos, surveys, program video and content, email templates, website program language, and trademarks

JOINT STATUS REPORT AND DISCOVERY AND
CASE MANAGEMENT PLAN - 3
CASE NO. 2:25-CV-02526-GJL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

("Intellectual Property") as it was required to do. To that end, Plaintiff has asserted claims against Amara for (1) Breach of Contract; (2) Unjust Enrichment; (3) Negligent Misrepresentation; (4) Conversion; (5) Trover; and (6) Injunctive Relief.

Defendant's Position

Amara has moved to dismiss the third cause of action for negligent misrepresentation (ECF 15). Given the pendency of that Motion, Amara has not yet served an answer. Amara has represented that it anticipates pleading a number of affirmative defenses when a responsive pleading is due.

## 2. CASE SCHEDULE DEADLINES

The parties largely agree on a schedule for this case. The one exception is the deadline to add parties. Biron states that the full scope of the identities of the required and/or permissive parties cannot be unveiled until discovery has meaningfully progressed in this matter. For this reason, Biron reserves the right to add additional parties should discovery reveal the involvement of currently unknown parties until June 12, 2026 An initial round of discovery may be needed to discern the identities of additional parties. As provided in the proposed schedule below, Biron requests that the Court set a deadline for the naming of additional of parties as June 12, 2026. Amara does not understand why Defendants need an additional five months to identify any additional parties, and suggests that pushing the deadline out into the summer would be prejudicial, given the agreed close of fact discovery. Amara proposes a deadline to add parties of March 26, 2026.

The Parties otherwise jointly propose that the Court adopt the following schedule to govern this case.

| Event | Deadline |
| --- | --- |
| Rule 26(a)(1) initial disclosures | Completed |
| Deadline for joining additional parties | *Disputed. See above.* |
| Non-expert (fact) discovery cut-off | November 20, 2026 |

JOINT STATUS REPORT AND DISCOVERY AND
CASE MANAGEMENT PLAN - 3
CASE NO. 2:25-CV-02526-GJL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

| Event | Deadline |
|---|---|
| Service of expert disclosures for issues for which the proponent bears the burden of proof | December 18, 2026 |
| Service of rebuttal expert disclosures | January 22, 2027 |
| Close of expert discovery | February 12, 2027 |
| Rule 56 and Daubert motions | March 12, 2027 |
| Pretrial Conference | At the Court's convenience |
| Trial | At the Court's convenience, after September 15, 2027 |

### 3. ANY ISSUES ABOUT DISCOVERY OR ESI

The parties anticipate providing the Court with a draft stipulated protective order based on the Court's Model Stipulated Protective Order, which will govern the treatment of confidential information in this case.

The parties do not believe at this time that any changes need to be made with respect to the limitations on discovery imposed by the Federal Rules of Civil Procedure but reserve the right to request such changes at a later date should the need arise. Electronic media should be produced in easily accessible formats (e.g., TIFF, PDF, JPEG, etc.). All emails with attachments should be produced with the email and attachment produced together chronologically. The parties reserve the right to reasonably request the production of specific electronic media in native format , subject to all applicable standards for discovery and production (including relevance, burden, and other relevant factors).

Should any dispute concerning ESI arise during the pendency of this matter, the parties shall meet and confer before seeking intervention from the Court.

### 4. PRIVILEGE ISSUES;

The parties do not anticipate any unique privilege issues.

JOINT STATUS REPORT AND DISCOVERY AND
CASE MANAGEMENT PLAN - 3
CASE NO. 2:25-CV-02526-GJL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**5. THE NEED FOR ANY OTHER DISCOVERY-RELATED ORDERS;**

The parties do not currently anticipate any need for discovery-related orders other than the kinds specifically discussed *supra*.

**6. DATE BY WHICH DISCOVERY WILL BE COMPLETED.**

The parties anticipate that fact discovery will be completed by November 20, 2026 and expert discovery will be completed by February 12, 2027 subject to any stipulations that parties may enter into regarding discovery deadlines.

**7. MOTIONS**

Plaintiff's Position

Plaintiff anticipates filing a Motion for Summary Judgment and/or other dispositive motion(s) according to the agreed upon timeframes. Plaintiff further reserves the right to seek disposition of other issues in this case.

Defendant's Position

Defendant has already filed a motion to dismiss Plaintiff's third cause of action. (ECF 15.) Defendant reserves the right to seek early disposition of other issues.

**8. WHETHER THE TRIAL WILL BE A JURY OR NON-JURY TRIAL.**

The parties request a jury trial on all issues so triable.

**9. THE NUMBER OF TRIAL DAYS REQUIRED.**

The parties anticipate that a two to four day trial will be required.

**10. THE NAMES, ADDRESSES, AND TELEPHONE NUMBERS OF ALL TRIAL COUNSEL.**

| Counsel for Plaintiff | Counsel for Defendants |
|---|---|
| Matthew Moersfelder | Nika Aldrich |
| Daniel Keum | James Vana |
| Jonathan Ng | Julia Davis |
| Seyfarth Shaw LLP | Schwabe, Williamson & Wyatt, P.C. |
| 999 Third Avenue, Suite 4700 | 1420 5th Ave, Suite 3400 |
| Seattle, WA 98104-4041 | Seattle, WA 98101 |

JOINT STATUS REPORT AND DISCOVERY AND
CASE MANAGEMENT PLAN - 3
CASE NO. 2:25-CV-02526-GJL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

**11. THE DATES ON WHICH THE TRIAL COUNSEL MAY HAVE CONFLICTS OR OTHER COMPLICATIONS TO BE CONSIDERED IN SETTING A TRIAL DATE.**

Plaintiff's counsel currently has no known unavailability at this time that conflicts with the proposed trial dates.

Defendant's counsel will be unavailable for trial in the months of July and August 2027.

**12. EMAIL SERVICE**

The parties each consent to accept service via e-mail of documents required to be served but not filed via the Court's ECF system, including without limitation discovery requests and responses, expert disclosures, sealed submissions, and the like. Specifically, service of a document may be effected on a Party by emailing the document to the email addresses set forth below for that Party:

If to Defendants, email to all of:

- naldrich@schwabe.com
- jvana@schwabe.com
- jdavis@schwabe.com
- rrebusit@schwabe.com

If to Plaintiff, email to all of:

- mmoersfelder@seyfarth.com
- dkeum@seyfarth.com
- jng@seyfarth.com
- gbarrington@seyfarth.com

JOINT STATUS REPORT AND DISCOVERY AND
CASE MANAGEMENT PLAN - 3
CASE NO. 2:25-CV-02526-GJL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910

DATED this 3rd day of February, 2026.

SEYFARTH SHAW LLP

By *s/ Daniel B. Keum*
   Matthew E. Moersfelder, WSBA No. 45620
   Daniel B. Keum, WSBA No. 57174
   999 Third Avenue, Suite 4700
   Seattle, Washington 98104-4041
   Phone: (206) 946-4910
   Email: mmoersfelder@seyfarth.com
   Email: dkeum@seyfarth.com

*Attorneys for Plaintiff*

SCHWABE, WILLIAMSON & WYATT, P.C.

By *s/ Nika Aldrich*
   Nika Aldrich WSBA #48473
   James L. Vana WSBA #34924
   Julia Davis WSBA #62997
   1420 5th Ave, Suite 3400
   Seattle, WA 98101
   Telephone: (206) 622-1711
   Facsimile: (206) 292-0460
   Email: naldrich@schwabe.com
       jvana@schwabe.com
       jdavis@schwabe.com

*Attorneys for Defendant*

JOINT STATUS REPORT AND DISCOVERY AND
CASE MANAGEMENT PLAN - 3
CASE NO. 2:25-CV-02526-GJL

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington 98104-4041
(206) 946-4910