HON. BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **KATIE BIRON**, a Washington individual, | Case No. 2:25-cv-02526-BJR |
| Plaintiff, | REPLY IN SUPPORT OF DEFENDANT AMARA'S MOTION TO DISMISS |
| v. | NOTED FOR CONSIDERATION: |
| **AMARA**, a Washington nonprofit organization, | |
| Defendant. | |

## INTRODUCTION

Plaintiff still fails – even after two bites at the apple – to plead sufficient facts to establish a claim under Rule 9(b). Plaintiff does not—and *cannot*—allege what misrepresentations, let alone material misrepresentations, Amara ever made to induce Plaintiff to enter into the underlying contract at issue.

Instead, Plaintiff asserts Amara falsely represented that certain Intellectual Property belonged to Plaintiff; while also claiming the Intellectual Property *does in fact* belong to Plaintiff. Plaintiff alleges that Amara stated one thing while believing another—but provides

REPLY IN SUPPORT OF DEFENDANT AMARA'S
MOTION TO DISMISS: CASE NO. 2:25-cv-02526-GJL - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\50086719.v2-2/20/26

*no facts* in support of such allegations. Rather, Plaintiff's own pleadings present facts that are consistent with Amara having a genuine belief at the time of contracting that the Intellectual Property belonged to Plaintiff.

Plaintiff alleges that Amara filed its Motion on "technical pleading grounds"—but it is unclear to Amara what about its grounds are simply "technical." The Motion is based on a failure to comply with the fundamental and well-trod requirements of Rule 9(b) under the standards set forth in Supreme Court case law.

## ARGUMENT

Plaintiff does not dispute that its negligent misrepresentation claim must meet the heightened pleading standard in Rule 9(b). (ECF 18, p. 4.) That means, a Plaintiff must adequately plead that Defendant made a *false statement* that Plaintiff relied on in agreeing to enter into a contract. *Surface Art, Inc. v. Tesserae Techs., LLC*, 2025 WL 1267433, at *8 (W.D. Wash. May 22, 2006). Plaintiff points to three such alleged statements. None give rise to a claim for negligent misappropriation, and there are no facts to support that any of them were false.

First, Plaintiff restates that Nicole Mazen ("Mazen), the Director of Foster Care Services at Amara in 2019, "ensured FCP that Amara was 'supportive and not taking over in any way' from FCP's efforts."[1] Plaintiff then goes on to state that this was false because "[i]n reality, Amara intended to wholesale take and use Biron's Intellectual Property." But as Amara has already pointed out, Mazen's alleged statement has nothing to do with intellectual property rights. Moreover, Plaintiff has presented *no evidence* of Amara's intentions at the time Mazen made that statement. While courts at times allow parties to plead an opposing party's intentions on information and belief, "the complaint must set forth a factual basis for the belief." *United*

---

[1] Amara presumes that Plaintiff uses "FCP" and "Biron" interchangeably to mean "Plaintiff," despite only naming Plaintiff Katie Biron in this action.

REPLY IN SUPPORT OF DEFENDANT AMARA'S
MOTION TO DISMISS: CASE NO. 2:25-cv-02526-GJL - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\50086719.v2-2/20/26

*States v. Ctr. For Diagnostic Imaging, Inc.*, 2011 WL 13353773, at *4 (W.D. Wash. Aug. 12, 2011). Plaintiff has alleged *no* facts that would support an inference that Mazen's statement was false at the time it was made. Furthermore, as courts in this Circuit have made clear, alleging that a party breaches a promise to perform a condition of a contract will not give rise to an inference of fraudulent intent at the time that the promise was made. *See, e.g., Aton Ctr., Inc. v. Premera Blue Cross*, 2021 WL 615048, at *10 (S.D. Cal. Feb 16, 2021); *Pinnacle Peak Developers v. TRW Inv. Corp.*, 129 Ariz. 385, 389 (App. 1980); *Sunnyside Dev. Co., LLC v. Opsys Ltd.*, 2005 WL 1876106, at *6 (N.D. Cal. Aug. 8, 2005). If that were the case, every claim for breach of contract would give rise to a claim for negligent misrepresentation. Plaintiff has provided no facts aside from Amara's alleged breach of contract to indicate that Mazen's statement was false. Accordingly, Mazen's statement fails to give rise to a claim for negligent misrepresentation.

Next, Plaintiff points to a statement allegedly made by the attorney for Casey Family Programs, Mercedes Scopetta on December 7, 2020. Plaintiff claims that Scopetta "relayed to Biron that 'Amara has made Casey aware that Katie Biron, Amara's contractor, is the owner of the Family Connections Materials and trademarks.'" Again, Plaintiff fails to explain how this shows that Amara made any false statement, or even a statement intended to reach or induce Plaintiff. And, as with the prior Ms. Mazen's alleged statement discussed above, Plaintiff fails to provide a single fact indicating Ms. Scopetta's statement was false—i.e., that Ms. Scopetta *did not believe at the time* that "Katie Biron, Amara's contractor, is the owner of the Family Connections Materials and trademarks.'" *See Ctr. For Diagnostic Imaging*, 2011 WL 13353773, at *4.

Finally, Plaintiff again points to a statement allegedly made by Xuan Chung, Chief Innovation and Program Officer at Amara, to Plaintiff on February 27, **2025**. Plaintiff states that Chung told Plaintiff that "Amara would further 'ensure that all FCP materials, name, derivative work and logo would] be removed prior to the license expiration." But this statement

REPLY IN SUPPORT OF DEFENDANT AMARA'S
MOTION TO DISMISS: CASE NO. 2:25-cv-02526-GJL - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\50086719.v2-2/20/26

was made nearly four years *after* Plaintiff and Amara allegedly executed the License Agreement, and therefore has no relevance to a claim for negligent misrepresentation.

Accordingly, Plaintiff has failed to allege any misrepresentation at the time of contracting. Without a misrepresentation, there can be no claim for negligent misrepresentation, and the claim fails.

## LEAVE TO AMEND SHOULD BE DENIED

Plaintiff's should not be granted another opportunity to amend her negligent misrepresentation claim. As stated in Amara's Motion, Plaintiff has already had two chances to allege sufficient facts to satisfy the relevant pleading standards. Plaintiff has failed to do so because no such facts exist. At some point, pleading must come to an end. That time is now. Plaintiff has failed to indicate *what additional facts she would plead* if granted leave to amend, which provides good cause to deny such relief. *Wysocki v. Zoom Techs. Inc.*, 2024 WL 1139094, at *16 (W.D. Wash. Mar. 15, 2025) ("A district court does not abuse its discretion in denying a plaintiff leave to amend their complaint if the plaintiff merely requests leave to amend, without identifying what additional facts they would include or otherwise explaining why the amendment would not be futile.") *Sharnese v. California*, 547 F. App'x 820, 823-24 (9th Cir. 2013) ("Appellants fail to state what additional facts they would plead if given leave to amend . . . Accordingly, amendment would be futile.") Leave to amend yet again despite no indication that additional facts exist to support Plaintiff's claims would be futile and should be denied.

## CONCLUSION

This Court should dismiss Plaintiff's third cause of action for negligent misrepresentation with prejudice and without leave to amend.

/ / / / / /

/ / / / / /

/ / / / / /

REPLY IN SUPPORT OF DEFENDANT AMARA'S
MOTION TO DISMISS: CASE NO. 2:25-cv-02526-GJL - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\50086719.v2-2/20/26

    *I certify that this memorandum contains 1,026 words, in accordance with the Local Civil Rules.*

    Dated this 23rd day of February, 2026.

                                  SCHWABE, WILLIAMSON & WYATT, P.C.

                    By:    <u>s/ Julia Davis</u>
                            Nika Aldrich, WSBA #48473
                            Email: naldrich@schwabe.com
                            Julia Davis, WSBA #62997
                            Email: jdavis@schwabe.com
                            1420 5th Avenue, Suite 3400
                            Seattle, WA 98101

                            *Attorneys for Defendant*

REPLY IN SUPPORT OF DEFENDANT AMARA'S
MOTION TO DISMISS: CASE NO. 2:25-cv-02526-GJL - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\50086719.v2-2/20/26

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of February, 2026, I caused to be served the foregoing **REPLY IN SUPPORT OF DEFENDANT AMARA'S MOTION TO DISMISS** on the following party at the following address:

Daniel B. Keum
Matthew E. Moersfelder
SEYFARTH SHAW LLP
999 Third Avenue, Suite 4700
Seattle, Washington 98104-4041
E-Mail: dkeum@seyfarth.com
    mmoersfelder@seyfarth.com

☐ First Class Mail
☒ Electronic Service
☐ Email
☐ Other: Courtesy Email

*Attorneys for Plaintiff*

*s/ Julia Davis*
Julia Davis, WSBA #62997

CERTIFICATE OF SERVICE: CASE NO. 2:25-cv-02526-GJL - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\50086719.v2-2/20/26