The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATIE BIRON,

     Plaintiff,

v.

AMARA,

     Defendant.

NO. 25-cv-2526-BJR

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION**

## I.   INTRODUCTION

Plaintiff, Katie Biron, alleges that Amara wrongfully retained use of her nonprofit organization's intellectual property after their License Agreement ended. She asserted claims for breach of contract, unjust enrichment, negligent misrepresentation, conversion, trover, and injunctive relief. Amara now moves to dismiss the third cause of action, negligent misrepresentation, for failure to plausibly plead fraud or mistake with the particularity required under Federal Rule of Civil Procedure 9(b). Having reviewed the materials[1] and the relevant legal authorities, the Court will GRANT the motion. The reasoning for the Court's decision follows.

---

[1] Including the motion, ECF No.15; Plaintiff's response in opposition, ECF No. 18; and Defendant's reply, ECF No. 19; together with the Amended Complaint, ECF No. 13.

ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

- 1

## II.  BACKGROUND

Katie Biron first developed her Family Connections Program ("FCP") in 2017, to help build relationships between birth and foster parents to better support foster children. Am. Compl. ¶¶ 2, 10, ECF No. 13. Needing a host organization for the program to receive government funds, she chose Amara in late 2020 to act as host organization for FCP, granting Amara a non-exclusive license ("License Agreement") to use FCP's marketing and program materials. *Id.* ¶¶ 2-3.[2] According to Plaintiff, Amara agreed to return all FCP materials and cease using them in any way upon termination of the License Agreement. *Id.* ¶ 3. In February 2025, Amara elected not to renew the License Agreement, but it never returned the marketing and program materials. *Id.* ¶¶ 5, 27-28. Plaintiff alleges that Amara developed its own competing family resources program and improperly uses FCP intellectual property to apply for government sponsorships and funding. *Id.* ¶¶ 5, 29-32.

Plaintiff filed suit against Amara in King County Superior Court on November 10, 2025, which was removed to this Court on December 10, 2025. Plaintiff asserted six causes of action:

- Count One – Breach of Contract

- Count Two – Unjust Enrichment

- Count Three – Negligent Misrepresentation

- Count Four – Conversion

- Count Five – Trover

- Count Six – Injunctive Relief

Compl., ECF No. 1-1. After removal, Amara filed a motion to dismiss the third cause of action, negligent misrepresentation. ECF No. 8. Amara's motion was stricken as moot when Plaintiff filed

---

[2] Amara and FCP finalized and executed the agreement on March 10, 2021. Am. Compl. ¶ 18.

ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

- 2

an amended complaint. *See* ECF Nos. 8, 13, 14. Amara again moves to dismiss the negligent misrepresentation claim, contending that it does not satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b).

### III.   LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) is properly granted if the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory." *Woods v. U.S. Bank N.A.*, 831 F.3d 1159, 1162 (9th Cir. 2016). When considering a motion to dismiss under Rule 12(b)(6), courts must accept the factual allegations in the complaint as true and construe such allegations in the light most favorable to the plaintiff. *Interpipe Contracting, Inc. v. Becerra*, 898 F.3d 879, 886-87 (9th Cir. 2018).

Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Although fraud may not be a necessary element of a claim, if a plaintiff alleges fraudulent conduct or uses deceptive, intentional language to describe a misrepresentation, the claim is treated as grounding itself in fraud, and the pleading of that claim must satisfy the particularity requirement of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (*superseded by statute on other grounds*). The standard under Rule 9(b) is that allegations grounded in fraud or mistake must "be

ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

- 3

specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (citations omitted). Such allegations must include "'the who, what, when, where, and how' of the misconduct charged." *Id.*

## IV.  DISCUSSION

Amara contends that Plaintiff's claim for negligent misrepresentation fails to allege with particularity the specifics of a false statement. Mot. 5. Plaintiff does not dispute that her negligent misrepresentation claim must meet the heightened pleading standard, but she asserts that she has sufficiently pleaded all the elements with sufficient particularity in her amended complaint. Opp'n 2. She asserts that she has identified by name the "who" as Amara's officers; the "where" and "when" as the dates in November 2019 and December 2020 prior to the formation of the License Agreement, when Amara represented that Plaintiff owned the intellectual property; the "what" is Amara's statements confirming that she was the owner of the intellectual property but then taking it; and the "how" is Amara inducing her into entering the License Agreement in March 2021. *Id.* at 2, 5-10.

Regardless of whether Plaintiff's claim of negligent misrepresentation must be pleaded with particularity, under Washington law, a viable claim for negligent misrepresentation certainly requires the plaintiff to plead that the defendant supplied false information regarding a material past or existing fact. *Van Dinter v. Orr*, 157 Wn. 2d 329, 333 (2006); *Donald B. Murphy Contractors, Inc. v. King Cnty.*, 112 Wn. App. 192, 197 (2002) ("[A] false representation as to a presently existing fact is a prerequisite to a misrepresentation claim."); *see also Baker Boyer Nat'l Bank v. Foust*, 6 Wn. App. 2d 375, 386 (2018) (citing the elements of a negligent misrepresentation claim).

ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

- 4

As articulated by the Washington Supreme Court, a statement concerning a future event, an intention, or a subsequent promise to perform cannot support a negligent misrepresentation claim. *See, e.g.*, *Adams v. King Cnty.*, 164 Wn. 2d 640, 662 (2008) ("[A] false promise does not constitute the representation of existing fact"); *Havens v. C & D Plastics, Inc.*, 124 Wn. 2d 158, 182 (1994) ("Plaintiff has identified no then presently existing false information upon which he justifiably relied . . . . As a matter of law, his negligent misrepresentation claim fails.").

Plaintiff fundamentally misconstrues a negligent misrepresentation claim by attempting to base her cause of action on a "false" statement that she simultaneously alleges was true. Instead of identifying a false statement of existing fact that induced her reliance, the Plaintiff's paradox of a pleading alleges that Amara's initial statement acknowledging Plaintiff's ownership was the "misrepresentation," while her actual grievance rests on Amara's subsequent, future actions in allegedly appropriating her intellectual property. By definition, a tortious misrepresentation claim cannot be fabricated out of a true statement of present fact that is merely followed by inconsistent future behavior. Because she fails to allege an actual false statement of existing fact at the time of contracting, the claim fails as a matter of law.

Further, although Plaintiff seeks leave to amend, she does not indicate how she would modify her pleading to support her claim. Opp'n 10. The Court concludes that amendment of Plaintiff's negligent misrepresentation claim would be futile. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018); *see also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (stating that a proposed amended complaint is futile if it would be immediately "subject to dismissal."). Although promises of future conduct may support her contract claim, failure to perform them does not establish her negligent misrepresentation claim. Accordingly, Plaintiff's negligent misrepresentation claim will be dismissed with prejudice.

ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

- 5

## V.    CONCLUSION

For the foregoing reasons:

1.  Defendant's Motion to Dismiss Plaintiff's Third Cause of Action – Negligent Misrepresentation, ECF No. 15, is GRANTED;

2.  Plaintiff's Third Cause of Action is DISMISSED WITH PREJUDICE;

3.  This case shall proceed pursuant to the Case Scheduling Order, ECF No. 17.

DATED this 10th day of June 2026.

_____

Barbara Jacobs Rothstein
United States District Judge

ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION

- 6