UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| **KATIE BIRON**, a Washington individual, | Case No. 2:25-cv-02526-GJL |
| Plaintiff, | DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT |
| v. | |
| **AMARA**, a Washington nonprofit organization, | |
| Defendant. | |

Defendant AMARA ("Defendant") answers Plaintiff's Amended Complaint as follows:

## I.    INTRODUCTION

1.    Deny.

2.    Amara lacks facts and information necessary to draw a conclusion as to the truth of the allegations contained in this paragraph and on that basis, denies.

3.    Admit that in late 2020, Amara offered to act as a host organization for the FCP. Admit that FCP granted Amara rights to use certain Intellectual Property via a License

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT - 1

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\51022924.v4-6/24/26

Agreement, and refers to the License Agreement for a complete explication of its terms. This paragraph refers to numerous terms that are not defined in the Amended Complaint.  As a result, Amara lacks facts and information necessary to draw a conclusion as to the truth of the remaining allegations contained in this paragraph and on that basis, denies.

4.      Admit that in early 2025, Amara elected not to renew a License Agreement with FCP and agreed to return those documents required to be returned pursuant to the License Agreement.

5.      Deny.

## II.    PARTIES AND RELEVANT NON-PARTIES

6.      Amara lacks facts and information necessary to draw a conclusion as to the truth of the allegations contained in this paragraph and on that basis, denies.

7.      Admit.

## III.   JURISDICTION AND VENUE

8.      Admit.

9.      Admit.

## IV.    STATEMENT OF APPLICABLE FACTS

10.     Amara lacks facts and information necessary to draw a conclusion as to the truth of the allegations contained in this paragraph and on that basis, denies.

11.     Amara lacks facts and information necessary to draw a conclusion as to the truth of the allegations contained in this paragraph and on that basis, denies.

12.     Deny.

13.     Admit that Amara was not involved with the FCP pilot at the King County Family Treatment Court. Amara lacks facts and information necessary to draw a conclusion as to the truth of the remaining allegations contained in this paragraph and on that basis, denies.

14.     Admit that Amara contacted Biron on November 4, 2019. Admit that Biron

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT - 2

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\51022924.v4-6/24/26

had a working history with Biron. Admit that Nicole Mazen made a statement, and Amara refers to that statement for an accurate explication of its contents. Amara lacks facts and information necessary to draw a conclusion as to the truth of the remaining allegations contained in this paragraph and on that basis, denies.

15.    Amara lacks facts and information necessary to draw a conclusion as to the truth of the allegations contained in this paragraph and on that basis, denies.

16.    Admit that Amara and Biron partnered to locate funding for a program. Amara lacks facts and information necessary to draw a conclusion as to the truth of the remaining allegations contained in this paragraph and on that basis, denies.

17.    Admit that Amara and Biron negotiated the terms and conditions of a License Agreement in late 2020. Amara lacks facts and information necessary to draw a conclusion as to the truth of whether some attorney confirmed anything related to Amara in writing and on that basis, denies. Deny as to the remaining allegations contained in this paragraph.

18.    Denied.

19.    Denied as to a March 10, 2021 agreement.  Amara otherwise refers to the License Agreement for a complete and accurate explication of its terms.  Otherwise, denied.

20.    Denied as to a March 10, 2021 agreement.  Amara otherwise refers to the License Agreement for a complete and accurate explication of its terms.  Otherwise, denied.

21.    Denied as to a March 10, 2021 agreement.  Amara otherwise refers to the License Agreement for a complete and accurate explication of its terms.  Otherwise, denied.

22.    Denied as to a March 10, 2021 agreement.  Amara otherwise refers to the License Agreement for a complete and accurate explication of its terms.  Otherwise, denied.

23.    Deny.

24.    Denied as to a March 10, 2021 agreement.  Amara otherwise refers to the License Agreement for a complete and accurate explication of its terms.  Otherwise, denied.

25.    Admit.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT - 3

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\51022924.v4-6/24/26

26.    Amara lacks facts and information necessary to draw a conclusion as to the truth of the allegations contained in this paragraph and on that basis, denies.

27.    Admit that, on or about February 27, 2025, Xuan Chung, the Chief Innovation and Program Officer of Amara, responded to Ms. Biron, and otherwise relies on that communication for a complete and accurate explication of its contents.  Otherwise, denied.

28.    Amara denies that it failed to perform its contractual obligations. Amara lacks facts and information necessary to draw a conclusion as to the truth of the remaining allegations contained in this paragraph and on that basis, denies.

29.    Deny.

30.    Admit that Amara runs a program named Families Building Community. Deny as to the remaining allegations contained in this paragraph.

31.    Deny.

32.    Deny.

33.    Deny.

34.    Deny.

## V.    CLAIMS OF RELIEF

35.    This paragraph makes no allegation, and thus no answer is required.

### COUNT ONE

### BREACH OF CONTRACT

### (Against Amara)

36.    This paragraph makes no allegation, and thus no answer is required.

37.    Amara refers to the language in the License Agreement for a complete and accurate explication of its contents.  Otherwise, denied.

38.    Deny.

39.    Deny.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT - 4

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\51022924.v4-6/24/26

## COUNT TWO

## UNJUST ENRICHMENT

### (Against Amara)

40.    This paragraph makes no allegation, and thus no answer is required.

41.    Amara refers to the License Agreement for a complete and accurate explication of its contents.  Otherwise, denied.

42.    Deny.

43.    Deny.

44.    Deny.

45.    Deny.

46.    Deny.

## COUNT FOUR

## CONVERSION

### (Against Amara)

60.    This paragraph makes no allegation, and thus no answer is required.

61.    Deny.

62.    Deny.

63.    Deny.

64.    Deny.

## COUNT FIVE

## TROVER

### (Against Amara)

65.    This paragraph makes no allegation, and thus no answer is required.

66.    Deny.

67.    Deny.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT - 5

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\51022924.v4-6/24/26

## COUNT SIX

## INJUNCTIVE RELIEF

### (Against Amara)

68.    This paragraph makes no allegation, and thus no answer is required.

69.    Deny.

70.    Deny.

## VI.    PLAINTIFF'S REQUEST FOR RELIEF

Plaintiff is entitled to no relief whatsoever.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.    Biron's Second through Sixth claims for relief are barred by Section 301 of the Copyright Act.

2.    Biron has failed to mitigate her damages.

3.    Biron has failed to state a claim upon which relief can be granted.

4.    The sixth asserted claim for relief is not an appropriate cause of action.

5.    Any amount Amara would owe to Biron should be offset by amounts due and owing by Biron for her past wrongful conduct, as detailed herein.

## COUNTERCLAIMS AGAINST KATIE BIRON

Counterclaim Plaintiff, Amara, by and through its counsel, alleges against Counterclaim Defendant Katie Biron as follows:

1.    Amara is a 501(c)(3) nonprofit organization serving children, adults, and families experiencing foster and kinship care in Washington.

2.    As part of its important work, Amara develops programs to serve these communities.

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT - 6

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\51022924.v4-6/24/26

3.      Amara receives funding for its programs from nonprofit, government, and private sources. All funding received goes toward serving Amara's mission.

4.      Amara began working with Katie Biron, an individual, in 2021, in part to develop additional programs for Amara's use.

5.      On April 28, 2023, Amara entered into an employment contract with Biron. Biron was hired to serve as a Strategic Policy Advisor, reporting to Amara's Chief Program and Policy Officer.

6.      As part of that role, Biron was expected to work in furtherance of Amara's mission, and to adhere to Amara's Employee Handbook (the "Handbook")The Handbook requires that employees communicate via e-mail using only their Amara-issued e-mail address.

7.      Sometime in 2023, while working at Amara, Biron contracted with two individuals, Zak Dowling and Kelly Simpson, allegedly to create nine separate training videos for Amara (the "Tidbit Trainings").

8.      Contrary to the requirements set forth in the Handbook, Biron used her personal email address to communicate with Mr. Dowling and Ms. Simpson about the creation of these Tidbit Trainings, though the work was allegedly for Amara.

9.      Biron set up contractor relationships with Mr. Dowling and Ms. Simpson without written approval from anyone within the Amara organization.

10.      Biron used Amara funds to pay Mr. Dowling and Ms. Simpson for the work they provided. In total, Biron paid Mr. Dowling $20,000 to create certain Tidbit Trainings using Amara funds. Biron paid Ms. Simpson $25,000 to create certain Tidbit Trainings using Amara funds.

11.      The Tidbit Trainings, once completed, were published to Amara's website, but were actually hosted on a separate distinct platform. It is unclear who controlled or maintained the separate platform. The Tidbit Trainings were accessible via Amara's website

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT - 7

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

for approximately 6 months total.

12.    By October, 2023, the videos were no longer accessible or findable by Amara.

13.    When asked to explain this circumstances or the deletion of the Tidbit Trainings, and the $45,000 payments to Mr. Dowling and Ms. Simpson, Ms. Biron stated that no documentation related to the contracts existed, and that there was no documentation whatsoever relating to whose responsibility it was to hold, own, or maintain the original Tidbit Trainings video files.

14.    Following revelation of these facts, Biron resigned from Amara.

15.    As of this filing, Amara has no access to the Tidbit Training videos that $45,000 of Amara funding was used to create. Biron has never provided an explanation of where the videos are, why they were deleted, or why there was not an agreement in place related to their storage and ownership.

## COUNTERCLAIM COUNT ONE – BREACH OF FIDUCIARY DUTY

16.    Amara incorporates the allegations of paragraphs 1-15 as if fully set forth herein.

17.    As an Amara employee situated in a management position, Biron owed a Amara a fiduciary duty.

18.    While working for Amara, Biron used her personal email address to work with two individuals outside the organization, without approval and under the auspice of representing Amara, and used $45,000 of Amara's funds to pay those individuals for work that was only accessible to Amara for approximately 6 months.

19.    Biron breached her duty to Amara.

20.    Biron has caused damage to Amara and is liable for an amount to be proven at trial.

## COUNTERCLAIM COUNT TWO – BREACH OF GOOD FAITH AND FAIR DEALING

21.    Amara incorporates the allegations of paragraph 1-15 as if fully set forth

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT - 8

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1420 5th Avenue, Suite 3400
Seattle, WA 98101
Telephone 206-622-1711

PDX\145295\295467\51022924.v4-6/24/26

herein.

22.     Biron owed Amara an implied duty of good faith and fair dealing, both in her capacity as an employee and as a contractor.

23.     Biron breached that duty for the reasons outlined in paragraph 17 above.

24.     Biron has caused damage to Amara and is liable for an amount to be proven at trial.

Dated this 24th day of June, 2026.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:  _____

Nika Aldrich, WSBA #48473
Email: naldrich@schwabe.com
Julia Davis, WSBA #62997
Email: jdavis@schwabe.com
1420 5th Avenue, Suite 3400
Seattle, WA 98101

*Attorneys for Defendant*

DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT - 9

PDX\145295\295467\51022924.v4-6/24/26